15652

CAMDEN INVESTMENT COMPANY v. GIBSON

(30 S. E. (2d), 305)

514

June, 1943.

*Mr. August Kohn, Jr.,* and *Mr. Fred D. Townsend,* both of Columbia, S. C., Counsel for Appellant,

*Mr. C. T. Graydon* and *Mr. F. Ehrlich Thomson,* both of Columbia, S. C., Counsel for Respondent,

May 30, 1944.

MR. CHIEF JUSTICE BAKER delivered the unanimous Opinion of the Court:

This action is one for damages brought by the appellant, owner of a certain store building in the City of Columbia,

against the respondent, the lessee thereof, for alleged breach of lease contract. It was tried before Honorable A. W. Holman, Judge of the Richland County Court and a jury. At the conclusion of the testimony, both appellant and respondent made motions for directed verdict in their respective favors. The motions were overruled by the trial Judge and the case was submitted to the jury. The jury returned a verdict in favor of the respondent. The appellant moved for a new trial, and for judgment in its favor *non obstante veredicto*. These motions were overruled and the case comes to this Court on appeal from the judgment in favor of the respondent.

The respondent has also appealed from an order of the trial Judge settling the transcript of record. For an intelligent understanding of the matter, it is necessary to first pass upon this appeal. It challenges the correctness of the trial Judge's ruling that the transcript of record should contain the transcript of testimony and exhibits offered upon the trial of the case.

Appellant's attorneys served a proposed transcript of record and neglected to include as a part of the proceedings to be printed the official transcript of testimony, and the exhibits offered and received in evidence at the trial. Attorneys for respondent served notice of refusal to accept the transcript of record proposed by the appellant, and proposed a transcript of record containing a different statement, but providing for the printing of the same proceedings as set forth in appellant's proposed transcript. The day following the service of said notice, and within thirty days of the service of notice of appeal, appellant's attorneys disallowed the respondent's proposed amendments, gave notice that they would submit their proposed transcript to the trial Judge on a certain day and hour for settlement, and gave further notice that appellant "hereby amends its original proposed case and exceptions by inserting on page 5 thereon preceding the word 'order' the following, 'Here insert official transcript of

testimony and exhibits offered and received in evidence at the trial.' "

In due time the trial Judge made an order settling the transcript of record, in which he provided that there should be included, over the objection of respondent's attorneys, the official transcript of testimony and exhibits offered and received in evidence at the trial, holding in effect that this court could not pass upon the exceptions unless the proceedings in the trial court were before it, and that, regardless of his action, the appellant could, in an appendix, insert the transcript of testimony upon the trial and appeal from his refusal "to permit the amendment." It thus appears that the trial Judge, in effect, treated the appellant's notice to the effect that it amended the proposed transcript, as a motion to be permitted to so amend the transcript.

While no case has been cited and none has been found, in which the facts are identical, we think that it was appropriate, and within the power of the trial Judge, in settling the transcript of record to include the testimony and exhibits upon the trial of the case. Respondent does not question the trial court's power to permit an amendment, but rather the right of the appellant to amend as a matter of course. We think that the appellant's notice of amendment was, and should have been, considered by the trial Judge as a motion to permit an amendment, and that it was properly granted. It would be tantamount to denying appellant's right to appeal to hold that the testimony and exhibits were improperly allowed as a part of the transcript of record, since the determination of the issues depends upon the testimony and exhibits. It is necessary that the rules of court and statutes be followed in perfecting an appeal, but it would be sacrificing substance for form to hold that appellant's right to have the testimony and exhibits included was lost simply because, through an apparent oversight, its attorneys failed to provide for the inclusion of same in the transcript of record, especially when, within the

time for serving the proposed transcript of record, notice was given that the transcript was so amended, rather than notice of a motion before the trial Judge to permit an amendment, all of which occurred before the case for appeal had been finally settled by the trial Judge.

This brings us to the merits of the case. Many of the appellant's exceptions are entirely too general for consideration, but the real issue upon the appeal is raised by appellant's exception 19, to the effect that the trial Judge erred in refusing appellant's motion for a directed verdict upon the ground that the testimony showed there was a written lease contract between appellant and respondent for five years, commencing March 1, 1942; that respondent breached this contract, and that appellant used due diligence in minimizing his damages.

It is conclusively established by the testimony and exhibits that appellant leased the respondent the building described in these proceedings, by way of a renewal term, for five years, commencing on February 28, 1942, at a monthly rental of $150.00, payable in advance, and that on February 28, 1942, respondent gave appellant notice of his intention not to perform his obligations under the renewal lease. The appellant promptly gave respondent notice that he had breached the terms of the lease, and that appellant would endeavor to rent the building at respondent's risk, and would expect to hold respondent liable for any loss incurred. The only reasonable inference from the testimony is that appellant thereupon exercised due diligence to rent the premises, succeeded in getting another tenant at a rental of $150.00 per month, commencing May 1, 1942, for a period of three years, subject to payment by the appellant of $7.50 per month commission for the term to the rental agent who secured the new tenant, and that appellant sustained a loss of $300.00 on account of two months' vacancy, and of $270.00 commissions payable to the rental agent. (Appellant does not ask for damages for the addi-

tional two years for which the respondent had leased the premises.) There is no element of speculation in these damages. They are proper elements of damage for the breach of a lease contract. *Simon v. Kirkpatrick,* 141 S. C., 251, 139 S. E., 614, 54 A. L. R., 1348.

Respondent contends that appellant breached the lease by writing respondent on October 22, 1941, to the effect that, under the terms of the lease, respondent was not permitted to sublease the premises, except with the written consent of appellant. The lease did not so provide, and the rights of the parties could in no wise be affected by appellant's misstatement of the terms of the lease in that respect. Respondent cannot claim that he was misled thereby because the contract was in writing, and both parties are held as a matter of law to know the terms thereof.

The other contention of the respondent, as to the breach of the contract on the part of the appellant, is the alleged failure of the appellant to accept one Vareen as a tenant. Respondent testified that before he gave up the premises, Vareen telephoned to Mr. Kohn, Secretary of appellant company, about renting the property; that Vareen was willing to pay $150.00 per month for it; that Vareen called Kohn over the telephone in his presence, told him he wanted to rent the premises, and Mr. Kohn told Vareen that he (Kohn) didn't have anything to do with it. Assuming the conversation was as reported, Mr. Kohn's statement was accurate and in accordance with the legal rights and obligations of the parties. At that time the respondent alone had the right to rent the premises, and his right to do so existed regardless of Mr. Kohn's consent or approval. This alleged conversation, as stated, took place before the renewal term commenced, and before the breach of the terms of the lease by respondent, or notice from respondent that he did not intend to perform the renewal contract. Appellant at that time was under obligation to fulfil

its contract with respondent, and under no duty to minimize its damages by renting to Vareen; and there is no testimony in the record from which a reasonable inference can be drawn that the appellant did not use all diligence in minimizing its damages following the breach of the lease contract by the respondent.

It follows that the trial Judge should have granted appellant's motion for a directed verdict, and the case is remanded to the County Court of Richland County for entry of judgment in favor of the appellant for $570.00.

MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES, TAYLOR and OXNER concur.