## 17988

**SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Appellant, v. Lake MEREDITH, Respondent**

(128 S. E. (2d) 179)

*Mtssrs. Daniel R. McLeod, Attorney General,* and *J. Mc-Nary Spigner, Assistant Attorney General,* of Columbia, and *Francis R. Fant,* of Anderson, *for Appellant,*

*G. Ross Anderson, Jr., Esq.,* of Anderson, *for Respondent,*

*Mtssrs. Daniel R. McLeod, Attorney General,* and *J. Mc-Nary Spigner, Assistant Attorney General,* of Columbia, and *Francis R. Fant,* of Anderson, *for Appellant, in Reply,*

November 8, 1962.

Moss, Justice.

The South Carolina State Highway Department, the appellant herein, instituted this condemnation proceeding against Lake Meredith, the respondent herein, to acquire a right of way for the construction of Interstate Highway No. 85, pursuant to Section 33-122 of the 1952 Code of Laws of South Carolina. The respondent appealed to the Court of Common Pleas for Anderson County from the award made by the condemnation board, and the cause was heard *de novo*, pursuant to Section 33-139 of the Code, before the Honorable J. A. Spruill, presiding Judge, and a jury. A verdict was returned in favor of the respondent, the landowner, on October 12, 1961, in the amount of $12,060.00. Judgment was duly entered upon the verdict.

The appellant, within ten days thereafter, on October 19, 1961, in accordance with Section 7-405 of the Code and Circuit Court Rule No. 49, served upon respondent its notice of intention to appeal to this Court. The appellant, having given notice of intention to appeal to this Court was required, within thirty days thereafter, to prepare a case with exceptions and serve such on the opposite party or his attorney. Section 7-406 of the Code and Circuit Court Rule No. 49.

It appears from the record that shortly after the rendition of the verdict in this case that the appellant requested of the court stenographer a transcript of the trial proceedings. The necessity for serving the case and exceptions within thirty days was required by the Code and the Rules of Court. Counsel for the respondent had given notice to counsel for the appellant that no extension of time for perfecting the appeal would be granted. Therefore, the last day for the service of the proposed case and exceptions was Saturday, November 18, 1961. It appears that counsel for the appellant received the transcript of the trial proceedings, containing one hundred and thirty-seven typewritten pages, at approximately 12:00 o'clock noon on Saturday, November 18, 1961.

The exceptions in this action were drafted prior to the recepit of the transcript of the trial proceedings and without the benefit thereof. After receipt of the transcript counsel for the appellant prepared the proposed case for service upon the attorney for the respondent and when such had been prepared and ready for service upon such counsel he could not be found, but service was effected by leaving a copy of said proposed case and exceptions in a conspicious place upon the desk in the office of the attorney for the respondent at 5:45 P.M. on November 18, 1961, service in this manner being provided for by Section 10-462 of the Code.

The record shows that the transcript contained eleven exceptions and a majority of said exceptions were based wholly or in part upon the argument that the attorney for the respondent made to the jury. It is agreed that portions of the argument of counsel for the appellant were omitted from the transcript of record supplied by the court stenographer and served by the appellant.

The respondent objected to the transcript of record as proposed by the appellant. Thereafter, the appellant, through its counsel, served notice upon the attorney for the respondent that it would appear before the Court to have the record completed and corrected so as to set out, in substance, the argument made by the attorney for the respondent to which exceptions had been taken. The objections of the respondent to the transcript of record and the motion of the appellant to complete and correct the record, as is above stated, were heard by the trial Judge on March 30, 1962. On April 3, 1962, the trial Judge filed an order wherein he found that:

"There is no question in my mind that the transcript of the argument is so incomplete as to be very prejudicial to the appellant. However, it is the same transcript which was served on the landowner pursuant to Section 7-406. Therefore, it is my opinion that I have no authority to supplement or revise it. For this reason I am constrained to overrule the motion of the appellant."

The appellant is before this Court on a single exception which charges the trial Judge with error in refusing to amend the transcript of record so as to show the argument of counsel for the respondent by supplying the omissions therein. It is further charged that the trial Judge should have supplied the omissions in the record so that the rights of the appellant would not be prejudiced.

The transcript of record is the source of our information as to what occurred in the trial of the case below; its very object is to inform the Court authoritatively of the legal questions contested below and of the facts pertaining thereto. *Sawyer, Wallace & Co. v. Macaulay,* 18 S. C. 543. Where the exceptions charge that improper argument was made to the jury by counsel, such could not be considered on appeal where the record does not support the charge made. *Lawrence v. Southern Railway,* 169 S. C. 1, 167 S. E. 839. A question in respect to a point based on alleged facts not shown in the transcript of record cannot be considered. *Tunstall v. Lerner Shops, Inc.,* 160 S. C. 557, 159 S. E. 386. One seeking a new trial because of unfair or improper argument on the part of counsel for the successful party should show at least the substance of the objectionable language used. *State v. Robinson,* 238 S. C. 140, 119 S. E. (2d) 671.

This Court will not consider any fact which does not appear in the transcript of record nor will any fact stated in an exception be considered unless it appears from the record that it is true. Likewise, counsel is prohibited from embodying in their briefs any fact which does not appear in the record. Rule 8, Section 7, of the Rules of this Court. Nothing should be omitted from the transcript of record that is necesary to a proper understanding and decision of the questions to be decided. Rule 4, Section 3, of the Rules of this Court.

There can be no doubt that the trial Court has power to certify up parts of its record that were omitted from the record made for the Appellate Court. 3 Am.

Jur., Appeal and Error, Section 685, page 281. Where the trial Court is satisfied, either from its own knowledge of what had actually occurred in the progress of the trial, or from evidence adduced that the entries as made by the clerk were erroneous or incomplete, it is within its power and its plain duty to have them corrected so that a full, true and perfect transcript of the whole proceedings as they actually occurred in the progress of the cause may be set up. *Dutton v. State,* 123 Md. 373, 91 A. 417.

The case of *Camden Investment Company v. Gibson,* 204 S. C. 513, 30 S. E. (2d) 305, was one for damages for the alleged breach of a lease contract. A judgment was entered for the defendant and the plaintiff appealed to this Court. The appellant's attorneys served a proposed transcript of record and neglected to include as a part of the trial proceedings the official transcript of testimony and the exhibits offered and received in evidence at the trial. The attorneys for the respondent served notice of refusal to accept the transcript of record as proposed by the appellant and proposed a transcript of record containing a different statement, but providing for the printing of the same proceedings as set forth in the appellant's proposed transcript. The day following the service of said notice, and within the thirty days of service of notice of appeal, appellant's attorneys disallowed the respondent's proposed amendments, gave notice that they would submit their proposed transcript to the trial Judge for settlement, and gave futher notice that appellant was amending the original proposed case and exceptions by inserting the official transcript of testimony and exhibits offered and received in evidence at the trial. The trial Judge issued an order settling the transcript of record, in which he provided that there should be included, over the objection of respondent's attorneys, the official transcript of testimony and exhibits offered and received in evidence at the trial, holding in effect that this Court could not pass upon the exceptions unless the proceedings in the trial Court were before it. It appears that the trial Judge, in effect, treated the ap-

pellant's notice to the effect that it amended the proposed transcript, as a motion to be permitted to so amend the transcript. The respondent appealed from the order of the trial Judge settling the transcript of record. In disposing of said appeal, this Court said:

"While no case has been cited and none has been found, in which the facts are identical, we think that it was appropriate, and within the power of the trial Judge, in settling the transcript of record to include the testimony and exhibits upon the trial of the case. Respondent does not question the trial court's power to permit an amendment, but rather the right of the appellant to amend as a matter of course. We think that the appellant's notice of amendment was, and should have been, considered by the trial Judge as a motion to permit an amendment, and that it was properly granted. It would be tantamount to denying appellant's right to appeal to hold that the testimony and exhibits were improperly allowed as a part of the transcript of record, since the determination of the issues depends upon the testimony and exhibits. It is necessary that the rules of court and statutes be followed in perfecting an appeal, but it would be sacrificing substance for form to hold that appellant's right to have the testimony and exhibits included was lost simply because, through an apparent oversight, its attorneys failed to provide for the inclusion of same in the transcript of record, especially when, within the time for serving the proposed transcript of record, notice was given that the transcript was so amended, rather than notice of a motion before the trial Judge to permit an amendment, all of which occurred before the case for appeal had been finally settled by the trial Judge."

In the case of *Southern Pine Lumber Co. v. Martin et al.,* 118 S. C. 319, 110 S. E. 804, this Court said:

"We have a statute and rule showing how a case is settled. If there is disagreement in the settling of the case on allowing proposed case or amendments offered, it is the duty of the judge who tried the case to settle it one way

or the other. He can allow so much of the case proposed, or amendments as he sees fit, or he can make a report of the whole case himself, and we are bound by whatever case the judge makes. It is his duty to give some settlement and report in order that the cause may be heard on appeal."

In the case of *Thompson v. Bass et al.*, 167 S. C. 345, 166 S. E. 346, the question for decision was whether it was proper over the objection of counsel to order new matter inserted into the transcript of record in lieu of official transcript of testimony without any showing that the official stenographic record is incorrect. This Court held that the Circuit Judge, in the settlement of a case for appeal to this Court, has power, under the law, to correct any error appearing in the case.

Section 7-406 of the Code provides that the case for appeal to this Court shall be settled in such manner as may be provided in the rules of the Supreme Court. By Rule 4, Section 7, this Court has committed to the trial Judge the duty and responsibility of settling the record for appeal where there is a disagreement between the parties as to what should be included therein. See in this connection Circuit Court Rules 47 and 49. When this Court is of opinion that the case should contain other facts, it has the power to remand the same for further settlement. *Baker v. Irvine*, 62 S. C. 293, 40 S. E. 672.

The trial Judge has found that the transcript of the argument made by counsel for the respondent, to which exception was taken, is so incomplete as to be very prejudicial to the appellant. However, he was of the opinion that he had no authority to supplement or revise the record. In so holding we think the trial Judge committed error. He should have granted the motion of the appellant to incorporate into the transcript of record the portions of the argument which were omitted from the transcript supplied by the court stenographer. The transcript of record should be completed and corrected so as to set out in substance, at

least, the argument made by counsel for the respondent to which exception has been taken. It appearing that the court stenographer cannot furnish a transcript of such argument, then the duty is upon the trial Judge to give some settlement and report in order that the main appeal may be heard by this Court. The respondent takes the position that the appellant cannot maintain a separate and distinct appeal from the trial Judge's order settling the record. The respondent asserts that if the appellant was dissatisfied with the order of settlement, then it should have proceeded in the manner set forth in Supreme Court Rule 4, Section 7, which provides as follows:

"* * * Any party aggrieved by the order of settlement, may appeal therefrom and insert in an appendix to the case as settled, such matters as may be necessary for the proper consideration of his appeal."

The purpose of the foregoing rule is to provide a method of review in case prejudicial error should be committed in the order settling the transcript of record. Either party, if aggrieved, is given the right to appeal to this Court from such order, and to print in an appendix such matters as are necessary to enable this Court to give proper consideration to such appeal. *Copeland et al. v. Craig et al.,* 193 S. C. 484, 8 S. E. (2d) 858. Ordinarily, the position of the respondent would be correct and in accordance with the foregoing rule. However, in the instant case, there is no authenticated transcript of the alleged prejudicial argument made by the attorney for the respondent which could be inserted in an appendix as required by the foregoing rule. This is a case where there is a deficiency or an omission in the record. There is no way that the appellant could, by way of an appendix, print "such matters as may be necessary for the proper consideration of his appeal." We think that under the unusual circumstances of this case the appellant was entitled to prosecute a separate and distinct appeal from the order of the trial Judge settling the record.

The judgment of the lower Court is reversed and this case remanded thereto so that the trial Judge may settle the transcript of record in this case in accordance with the views herein expressed.

Reversed and remanded.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.