22237

Eloise AUSTIN, Respondent, v. Sammie TAYLOR, Appellant.

(326 S. E. (2d) 656)

Supreme Court

*James Spencer Verner*, Newbery, *for appellant.*

*Samuel Price*, Newberry, *for respondent.*

Submitted Jan. 23, 1985.

Decided Feb. 19, 1985.

LITTLEJOHN, Chief Justice:

This paternity action was commenced by the respondent-mother seeking child support from the appellant-putative father for a minor child born September 20, 1982. The action was commenced on November 8, 1982, and a hearing resulting from a rule to show cause was held on November 16, 1982. At the conclusion of the mother's evidence, the putative father, through his attorney, moved the court for an involuntary non-suit which was granted. On December 13, 1982, a written order of the Family Court was filed finding that the mother had not presented any credible evidence that the putative father was in fact the father of the child. The entire action was dismissed with prejudice.

On December 16th, the mother, now with an attorney, filed a motion asking that the order of the judge be set aside and a new trial granted. The motion was granted. The putative father appeals.

The transcript of record is composed merely of the ■ agreed statement plus the exceptions interposed by the putative father. The record is patently insufficient to warrant a review by this Court. *See South Carolina Highway Department v. Meredith*, 241 S. C. 306, 128 S. E. (2d) 179 (1962) and *Wilson v. American Casualty Company*, 252 S. C. 393, 166 S. E. (2d) 797 (1969).

Over and above this deficiency of the record so far as ■ the statement of the case indicates, the judge undertook to dismiss the action on its merits at what would appear to be a petition for temporary relief growing out of a rule to show cause. It would appear that no answer had been filed, and the merits of the case were not truly before the court. Accordingly, the mother has been denied a trial in the usual fashion on the merits. Upon remand after an answer is filed, the case should proceed to a trial on the merits.

Affirmed.

NESS, GREGORY, HARWELL and CHANDLER, JJ., concur.