Peter Mellish and Mary Ann Mellish *v.* Eugene Bal and W. F. Adams.

---

## SUPREME COURT—IN BANCO.

---

### JULY TERM—1869.

*Allen, Ch. J., Hartwetl and Austin, J. J.*

---

PETER MELLISH AND MARY ANN MELLISH *vs.* EUGENE BAL AND WM. F. ADAMS.

IN A claim of inheritance resting on ancient adoption, a non-suit was properly ordered for want of evidence that the adopted child was adopted as heir.

The plaintiffs claim certain land in Lahaina, now held by the defendants under title derived from George Lawrence, deceased, and damages for the detention thereof. The plaintiffs claim to be children of Becky Mellish, adopted daughter of said Lawrence. The following bill of exceptions was presented:

*Be it remembered,* that on the trial of the above cause, and after the jury had been impanneled and sworn, and the

plaintiffs had closed their testimony in the cause, the defendants, by their attorney, filed the following motion:

"The defendants in the above cause, by their attorney, A. F. Judd, move that a non-suit be entered, for the following reasons:

"No written agreement of adoption of Becky by George Lawrence, has been introduced by the plaintiffs, therefore it must be an adoption before the statute of 1841, to avail the plaintiffs anything; but if the connection of Becky with George Lawrence, as an adopted or foster child, before the statute of 1841, be fully established, there is no proof or law that such was an inheriting relation; *i. e.,* that she, Becky, was the heir-at-law of George Lawrence, the deceased intestate, by virtue of being a 'keiki hanai,' or adopted child."

Which said motion being heard on argument, was, by the Court, sustained, and judgment of non-suit entered; to which opinion of the Court the plaintiffs, by their attorneys, excepted. The plaintiffs admit that they introduced no proof of the law of inheritance before the statute of 1841, but contend that the Court was bound, judicially, to know the law; that it was a question for the Court and not for the jury, and that if the Court was not fully informed, proper inquiry should have been instituted; that it was proved that the relations between the parties, which formed the alleged adoption, existed prior to the statutes of 1841. It was denied in argument, by the defendants' counsel, that the law of adoption and inheritance was as plaintiffs contended; wherefore, they pray that this, their bill of exceptions, be signed by the Court, and certified to the Clerk of the Supreme Court, together with all the evidence, papers, and proceedings in the cause, which is done accordingly.

The foregoing bill of exceptions is hereby allowed.

ALFRED S. HARTWELL,<br>1st Associate Justice Supreme Court.

IN CHAMBERS,<br>
Honolulu, H. I., July 20, 1869.

Peter Mellish and Mary Ann Mellish *v.* Eugene Bal and W. F. Adams.

### A. F. JUDD FOR DEFENDANTS.

1—The only point for this Appellate Court is whether the Judge presiding at the Nisi-Prius was bound to take judicial notice of the legal effect of an adoption of a child based upon an ancient Hawaiian usage.

2—The existence of an ancient Hawaiian usage that children adopted before 1841, (the earliest written law), are heirs-at-law of their intestate adopting parents, is asserted by the counsel for the plaintiffs, as the basis of their claim. This usage is denied by the defendants. The Court said they could not take notice of such a usage without express proof, which the plaintiffs did not offer.

3—The usage does not become law, until recognized or affirmed by a formal decision of the Supreme Court on the exact point.

4—This Court is not bound to take notice of such a usage. This government is a civilized form ingrafted upon a heathen form. This Court is founded upon statutes adopted from civilized countries; the Judges of this Court are introduced from civilized countries, and so constituted, this Court is not bound to take judicial notice of such a usage unless satisfied of its real character by testimony of persons familiar with the usage.

5—In the case of Keelikolani *vs.* Robinson, [2 Haw. R., 526, *et seq.*,] the Court heard testimony in order to determine whether a son could inherit real estate from his own father, —the most obvious relation of inheritance, and recognized all over the world.

6—If the Court were bound to take notice of this usage, without proof, on the assertion of the existence of this usage on one side, and a denial of its existence on the other side, then by a similar process, the right of "primogeniture" might be urged in this Court, or any other absurd custom.

7—These ancient usages, the government now being civilized, are nearly allied to "foreign statutes," which must be strictly proven.

Peter Mellish and Mary Ann Mellish *v.* Eugene Bal and W. F. Adams.

8—It was urged that this usage had the effect of law, and as it was denied by the other side, it became a point for the Court to decide, and was properly a ground for non-suit.

9—This rule is not ascertained, as yet, and, therefore, has not the effect of law.

10—How does the Court know whether this may not be a custom peculiar to one Island of this Kingdom ?

---

W. C. JONES AND H. THOMPSON FOR PLAINTIFFS.

1—The question is one peculiarly of law, for the Court, and not for the jury.

2—The Court is bound, judicially, to know the law; the ancient Hawaiian customs are a part of the common law of Hawaii, and should be, judicially recognized by the Court; and if the Court is not fully satisfied, inquiry should have been instituted as to what the law was.

3—The plaintiffs' counsel, before the motion was determined, stated that if the Court was satisfied as regards the ancient law, and would not judicially recognize it, they were prepared to prove it.

4—Adopted children inherit as children of the blood under the civil law, and, plaintiffs contend, under the Hawaiian law also.

5—The word *heirs* includes adopted children as well as children of the blood.

6—The law of adoption would be worse than a dead letter, if adopted children did not inherit.

7—The very object of adopting children is to substitute them in place of issue, or heirs of the blood.

8—The Supreme Court has decided that there is an ancient law of inheritance in this Kingdom. [L. Keelikolani *vs.* Robinson, *ubi supra;* Lord McKenzie's Roman Law, 1 Blackstone's Com., p. —.]

HARTWELL, J.: If the usages in regard to the force and

meaning of adoption prior to 1841, had been uniform, so as to establish a custom having the force of law, in *all cases* of adoption, this case would present a different aspect; for proof of the unwritten law of the land is never required. But no one would claim that every relation of *keiki hanai* carried the inheritance. No evidence was adduced of the ancient customs of Hawaii, on which either the Court or jury could infer an inheriting relation between Lawrence and plaintiffs' mother. On this ground, on motion, a non-suit was ordered. The offer of evidence on the part of the plaintiffs, was too late after they had rested their case, and the defendants' motion had been made and the argument was closed:

Exceptions overruled.