16078

SMITH v. ATLANTIC COAST LINE R. CO.

(47 S. E. (2d) 725)

*Messrs. L. H. Andrews* and *R. B. Morgan,* of Columbia, for Appellant,

*Messrs. Woods & Woods,* of Marion, for Respondent,

May 10, 1948.

OXNER, Justice.

This action was instituted under the provisions of Sections 411 and 412 of the Code of 1942, familiarly known as Lord Campbell's Act, to recover damages for the alleged

wrongful death of Odessa Jackson, and was brought by the administratrix of her estate for the benefit of Nelson Butler, the alleged adopted son of the deceased. The defendant, Atlantic Coast Line Railway Company, demurred to the complaint upon the ground that it did not appear from the allegations thereof that there is any beneficiary for whose benefit such an action might be brought. This appeal is from an order sustaining the demurrer.

It is admitted that Nelson Butler, the person for whose benefit this action was brought, was never formally adopted by Odessa Jackson but it is claimed that his status is to all intents and purposes that of a legally adopted child. In support of this contention, it is alleged in the complaint that his natural mother died many years ago and the whereabouts of his father is unknown; that Odessa Jackson, who never had any children, "adopted" him when he was nine months old and thereafter he lived continuously in her home where she "maintained, supported, cared for and sent Nelson Butler to school until the time of her death"; that she was regarded by him as his natural mother and he was treated by her "in all respects as her natural child with all the rights and privileges inuring to him, including the right to inherit"; and that she "had some kind of adoption papers prepared by some lawyer" but after diligent search they cannot be found. It is further alleged in the complaint that these facts and circumstances created the status of an adopted son, with all the attendant benefits and privileges, "in that equity regards that as done which ought to have been' done"; and that "Nelson Butler is the sole and proper beneficiary in this action." (The complaint does not disclose his present age.)

Section 412 of the Code provides that an action of this kind "shall be for the benefit of the wife or husband and child, or children, of the person whose death shall have been so caused; and if there be no such wife, or husband, or child, or children, then for the benefit of the parent or parents; and if there be none such, then for the benefit of

the heirs at law or the distributees of the person whose death shall have been caused  *  *  *  and the amount so recovered shall be divided among the before mentioned parties, in such shares as they would have been entitled to if the deceased had died intestate and the amount recovered had been personal assets of his or her estate."

"At common law there was no right of action for death caused by wrongful act". *Tollerson v. Atlantic Coast Line Railway Co.,* 188 S. C. 67, 198 S. E. 164, 165. While such an action is now permitted, the foregoing section of the code distinctly specifies the persons or classes of persons for whose benefit it may be brought. There can be no recovery under this statute unless at the time of the decedent's death there are one or more of the designated beneficiaries in existence. If there are none, the common law principle governs. Unless the complaint affirmatively shows that there is such a beneficiary, it is demurrable. *Lilly v. Railroad Co.,* 32 S. C. 142, 10 S. E. 932; *Nohrden v. Northeastern Railroad Co.,* 54 S. C. 492, 32 S. E. 524; *Kitchen v. Southern Railway Co.,* 68 S. C. 554, 48 S. E. 4, 1 Ann. Cas. 747; *Kennemore v. South Carolina State Highway Department,* 199 S. C. 85, 18 S. E. (2d) 611; *Hennegan v. Atlantic Coast Line Railway Co.,* 211 S. C. 357, 45 S. E. (2d) 331.

The precise question for determination is whether under the facts alleged in the complaint Nelson Butler was a "child" of Odessa Jackson within the meaning of Section 412 of the Code. We shall assume for the purpose of this discussion that the word "child" includes an adopted child.

Section 8679 of the Code of 1942 prescribes the procedure to be followed where one desires to adopt a child and confer upon it the right to inherit as a lawful child. It requires the filing of a petition in the court of common pleas, the appointment of a guardian *ad litem* for the child sought to be

adopted, and an examination into the merits of such petition. It was held in *Hatchell et al. v. Norton et al.,* 170 S. C. 272, 170 S. E. 341, 344, that the method of adoption provided by this statute was exclusive. In that case a widow entered into a written contract with her brother whereby she relinquished all her rights to her seven year old son and delivered him into the custody, care and control of her brother, who agreed to hold and "treat him as his own child" and "to give the child the same attention, care, educational and religious training as if he were his own flesh and blood." It was further stipulated that the brother "adopts the child with the full and free consent of his mother." Five years later the brother died intestate, seized and possessed of certain real estate and leaving a widow and seven daughters. A contest arose as to whether the child had an interest in this real estate. The guardian *ad litem* for the child contended that in equity he should be considered as a child of the intestate and was entitled, as such, to inherit. The Court held that the child was not entitled to inherit because he was not adopted in accordance with the statute.

We think the foregoing case is decisive of the issue before us. Appellant seeks to distinguish it upon the ground that there the child was claiming the right to inherit from his alleged adoptive parent, while in the instant case the question arises upon a claim for damages on account of the alleged wrongful death of the adoptive parent. But we do not think this distinction aids appellant. There was a much stronger reason in the *Hatchell case* for holding that the child occupied in equity the status of an adopted child than exists in the case before us. The controversy there was between the child and the widow and natural children of the person who had contracted to adopt him. Here it is sought to make a third person, not in privity with deceased, respond in damages upon the theory that the child, although not a legally adopted child, is entitled to recover from such third person by reason of the acts of the deceased.

We are compelled to conclude that Nelson Butler does not occupy the status of a child of Odessa Jackson so as to enable him to maintain an action for her alleged wrongful death.

It may be of interest to state that a similar conclusion was reached by the Court of Civil Appeals of Texas in the case of *Deatherage v. Fort Worth & D. C. Railroad Co.,* 154 S. W. (2d) 918, which was a death action under the Federal Employers' Liability Act, 45 U. S. C. A. § 51 *et seq.* The suit was brought to recover damages sustained by two children on account of the death of an employee on the theory that they were in the eyes of the law adopted children of such employee, even though the statutory method of adoption was not followed. It appeared that the mother relinquished all of her rights and claims to the children and delivered them into the custody of the deceased employee, who agreed to take them into his home, adopt them, and support and care for them in the same manner as if they were his natural children. He did so and held them out to the public as his children. It was held that the action could not be maintained since a child must be legally adopted to be entitled to the benefits under the act. To the same effect are *Avery v. Southern Railway Co. et al.,* 44 Ga. App. 613, 162 S. E. 648, and *Weems v. Saul,* 52 Ga. App. 470, 183 S. E. 661, which were actions for wrongful death under a Georgia statute.

Judgment affirmed.

BAKER, C. J., and FISHBURNE, STUKES and TAYLOR, JJ., concur.