17226

MR. LYNN WRIGHT and MRS. HELEN WRIGHT, Respondents, v. MYRLINE LOLLIS ALEXANDER, Appellant

(95 S. E. (2d) 500)

*Justin A. Bridges, Esq.,* of Laurens, *for Appellant,*

*Messrs. Blackwell, Sullivan & Wilson,* of Laurens, *for Respondents,*

November 28, 1956.

STUKES, Chief Justice.

This appeal involves the validity of the adoption of a child. The proceeding was in the Domestic Relations Court of Laurens County. The act of 1951 whereby the court was created appears as Sec. 15-1281 *et seq.* of the Code of 1952. The cited section follows:

"There is hereby established a domestic relations court for Laurens County which shall be called the Domestic Relations Court of Laurens County, with jurisdiction over the person of minors, persons legally chargeable with support of wife or child and divorce and having the powers and being governed by the rules herein provided. The court so established shall be inferior to the circuit court. The powers conferred upon this court shall not be exclusive but concurrent with other courts having the same powers."

"Jurisdiction over the person of minors" does not, in our opinion, confer jurisdiction of proceedings for the adoption of minors. Jurisdiction of the latter is conferred upon the Court of Common Pleas by Sec. 10-2581 of the Code. It follows:

"Any person or persons who may desire to adopt any child in this State and confer upon such child so adopted the right

to inherit as the lawful child of such person or persons, whether it be desired to change the name of such child or not, may file his petition in the court of common pleas for the county in which he or they may reside."

Adoption was unknown to the common law and is ■■ purely statutory. *Driggers v. Jolley,* 219 S. C. 31, 64 S. E. (2d) 19. We think that if it had been intended by the legislature to vest jurisdiction of adoption proceedings in the Domestic Relations Court of Laurens County they would have expressed the intention in the terms of the general statute Sec. 10-2581, or at least as in Secs. 15-1171 and 15-1222, relating to Juvenile and Domestic Relations Courts in certain counties; the Children's Courts within the provisions of Sec. 15-1382; and as in Sec. 15-1608, relating to the jurisdiction of the Civil Court of Florence. Moreover, it is noted that, although poorly expressed, the Laurens court is given jurisdiction of divorce— but not adoption.

Therefore, is it concluded that the court was without jurisdiction of the subject-matter of this proceeding, and the order of adoption is reversed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.