Rebecca Pettigrew v. Commissioner.
Pettigrew v. Commissioner
Docket No. 2284-64.
United States Tax Court
T.C. Memo 1965-140; 1965 Tax Ct. Memo LEXIS 191; 24 T.C.M. (CCH) 745; T.C.M. (RIA) 65140; May 24, 1965
Rebecca Pettigrew, pro se, Rt. 1, Box 121, Pineville, S. C. Winfield A. Gartner, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year *192 1962 in the amount of $215.49. The issue for decision is whether petitioner is entitled to dependency exemptions for two children of her mother's sister, each of whom has, since a few days after birth, resided in the home of petitioner's mother and father. Findings of Fact Petitioner who is unmarried filed her individual income tax return for the calendar year 1962 with the district director of internal revenue for the State of Georgia. She is a teacher in Griffin, Georgia, where she lives 9 months of the year. Griffin is about 320 miles from Pineville, South Carolina, where petitioner's mother and father live in a house which they own. Petitioner spends weekends during the time she is residing in Griffin, Georgia, at the home of her mother and father and spends the summer months there. Mildred and Michael Johnson live in the home of petitioner's mother and father. During the year 1962 Mildred was 13 and Michael, 10 years old. Petitioner's mother took Mildred into her home when she was about 4 days old, and Mildred has resided in the home of petitioner's mother and father since that time. Petitioner's mother took Michael into her home when he was only a few days old, and he *193 has resided there since that time. Petitioner's mother and father have not legally adopted either Mildred or Michael. Petitioner's father is a farmer and he maintains the household in which petitioner's parents and Mildred and Michael live. During the calendar year 1962 petitioner furnished from her own earnings over one-half of the support of each Mildred and Michael. On her income tax return for the calendar year 1962, petitioner claimed a dependency exemption for Mildred and Michael each, designating her relationship to Mildred as "Sister" and her relationship to Michael as "Brother," and indicating that she furnished all of the support for each of the children. Respondent in his notice of deficiency disallowed the dependency exemptions claimed by petitioner for Mildred and Michael with the following explanation: In order for the exemptions to be allowable a claimed dependent must either (a) have been related to you in one of the relationships listed in the law, or (b) have made his home with you for the entire taxable year. Because the claimed dependents did not qualify under either of these conditions, the exemptions are not allowable. Opinion Section 152(a) of the Internal Revenue Code *194 of 1954[1] defines the term "dependent." Under this definition the son or daughter of a brother or sister of the mother or father of a taxpayer is not included, except where such person receives institutional care required by reason of a physical or mental disability and before receiving such institutional care was a member of the same household as the taxpayer. Mildred and Michael, the children who were supported by petitioner, did not receive institutional care during the year 1962. They resided in the home of petitioner's mother and father. *195 Section 152(b)(2) provides that in determining whether any of the relationships specified in section 152(a) exists, "a legally adopted child of an individual * * * shall be treated as a child of such individual by blood." Under South Carolina law, a child is not considered as an adopted child unless the method of adoption provided for by statute in South Carolina has been complied with. Hatchell, et al. v. Norton, et al., 170 S.C. 272, 170 S.E. 341 (1933); Smith v. Atlantic Coast Line R. Co., 212 S.C. 332, 47 S.E. 2d 725 (1948); Driggers v. Jolley, 219 S.C. 31, 64 S.E. 2d 19 (1951); and Code of Laws of South Carolina, 1962, Section 10-2581. Since a dependency exemption is allowable only for those persons defined as dependents in section 152(a), petitioner is not entitled to deductions for dependency exemptions for Mildred and Michael. We therefore sustain respondent's determination. Decision will be entered for respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954 unless otherwise indicated. SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either, (2) A stepson or stepdaughter of the taxpayer, (3) A brother, sister, stepbrother, or stepsister of the taxpayer, (4) The father or mother of the taxpayer, or an ancestor of either, (5) A stepfather or stepmother of the taxpayer, (6) A son or daughter of a brother or sister of the taxpayer, (7) A brother or sister of the father or mother of the taxpayer, (8) A son-in-law, daughter-in-law, father-in-law, mother-in-law, brother-in-law, or sister-in-law of the taxpayer, (9) An individual (other than an individual who at any time during the taxable year was the spouse, determined without regard to section 153, of the taxpayer) who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household, or (10) An individual who - (A) is a descendant of a brother or sister of the father or mother of the taxpayer, (B) for the taxable year of the taxpayer receives institutional care required by reason of a physical or mental disability, and (C) before receiving such institutional care, was a member of the same household as the taxpayer.↩