**James W. FERGUSON, Plaintiff,**

**v.**

**Robert H. FINCH, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 69–367.**

United States District Court,
D. South Carolina,
Spartanburg Division.

Feb. 18, 1970.

---

James W. Workman, Union, S. C., and Simpson Hyatt, Spartanburg, S. C., for plaintiff.

Joseph O. Rogers, Jr., U. S. Atty., Columbia, S. C., and Thomas F. Batson, Asst. U. S. Atty., Greenville, S. C., for defendant.

## ORDER

DONALD RUSSELL, District Judge.

Plaintiff seeks review of the disallowance by the Secretary of his application for a child's insurance benefit for his adopted child Gerald E. Ferguson. His application was denied initially and upon reconsideration. Upon a hearing, the hearing examiner considered the applica-

tion *de novo* and rendered his decision denying the same. The Appeals Council refused to review the decision of the hearing examiner. Thereafter this suit was instituted by the plaintiff and the defendant moved for summary judgment.

Gerald E. Ferguson was born August 26, 1961. (He is the son of plaintiff's daughter—the father is unknown.) After Gerald's birth, plaintiff and his wife sent their daughter (Gerald's mother) back to school. Gerald was boarded in the hospital where he was born until November 1, 1961, and then placed in a foster home where he remained from November 1, 1961, until October 1, 1962. A friend kept him in her home from October 2, 1962, to June 1, 1963. The plaintiff and his wife testified that they had paid for the board and all expenses in connection with Gerald; that they placed him in a foster home because they considered it to be his best interest and furthermore at that time they were not in a position to take care of him because they were both working.

Plaintiff filed claim for Old-Age benefits on March 15, 1962, which was allowed and his benefits commenced in March, 1962.

Gerald came to live with the plaintiff and his wife on June 1, 1963. Plaintiff's wife testified that Gerald was not taken in their home immediately upon plaintiff's retirement in 1962, but after plaintiff adjusted to retirement, Gerald was brought home.

Gerald was legally adopted by the plaintiff and his wife on August 28, 1967. The date adoption proceedings were instituted does not appear in the record. Plaintiff's testimony is that the proceedings were commenced in September, 1964. The statement of the attorney who represented him in the adoption proceedings shows that he was not consulted until 1965. In a statement in the record,

plaintiff and his wife say " * * * we had had in mind all along to adopt the child but we just hadn't gotten together on it."

On September 15, 1967, plaintiff filed an application for child's insurance benefits on behalf of his adopted son Gerald E. Ferguson.

In order for the plaintiff to receive the benefits he seeks, he must first qualify under the Social Security Act.

Under the Act, every child has the right to Child's Insurance Benefits provided among other criteria it can be established that (1) he has the status of a child of an individual entitled to old-age benefits [1] and (2) was dependent upon the individual so entitled, if living, at the time application for Child's Insurance Benefits is filed [2] (in this case, September 15, 1967).

"Child" as defined in the act is "the child or legally adopted child of an individual".[3]

The dependency requirement is that "A child shall be deemed dependent upon his * * * adopting father * * * at the time" application for child's insurance benefits was filed "unless, at such time, such individual (plaintiff) was not living with or contributing to the support of such child * * *."[4]

Except for the provisions of Section 202(d) (9), 42 U.S.C.A. § 402(d) (9), as amended, Gerald would be entitled to child's benefits under the existing facts.

Section 202(d) (9), however, changes the determination of dependency when the child is adopted *after* the adopting parent has become entitled to old-age benefits. The adopted son (Gerald) must have been "legally adopted" by the old-age beneficiary (plaintiff) within two years of the month following the date on which the adopting parent became entitled to old-age benefits (March, 1962, in this case). Therefore, April, 1964,

1. Section 202(d) (1), 42 U.S.C.A. § 402(d) (1).

2. Section 202(d) (1) (C), 42 U.S.C.A. § 402(d) (1) (C).

3. Section 216(e), 42 U.S.C.A. § 416(e).

4. Section 202(d) (3), 42 U.S.C.A. § 402(d) (3), as amended.

terminated the period during which Gerald, in order to qualify for child's benefits, had to have been adopted by plaintiff.

■ In order to determine whether Gerald is the "child" of a fully or currently insured individual (plaintiff), such law as would be applied in determining the devolution of intestate personal property by the courts of the State of South Carolina must be applied.[5]

There is no dispute that as of August 28, 1967, Gerald became the "legally adopted" son of the plaintiff, but the crucial question is whether he can be considered the adopted son of the plaintiff on or before April, 1964.

Under South Carolina law "The adoption of a child was a proceeding unknown to the common law. The transfer of the natural right of the parents to their child was against its policy and repugnant to its principles. Adoption had its origin in the civil law *and exists in this state only by virtue of statutory authority which expressly prescribes the conditions under which adoption may legally be effected.* Driggers v. Jolley, 219 S.C. 31, 64 S.E. 2d 19." (Emphasis added.) Goff v. Benedict (1969) 252 S.C. 83, 86, 165 S.E.2d 269.

■ The right of adoption under South Carolina law is not a natural right but wholly statutory, and as such must be strictly construed. Wright v. Alexander (1956) 230 S.C. 286, 95 S.E.2d 500.

The mode of adoption must be in compliance with the provisions of the South Carolina adoption statute in order for Gerald to be entitled to inherit as the child of the person (plaintiff) adopting such child. Hatchell v. Norton (1933) 170 S.C. 272, 278, 170 S.E. 341.

The method of adoption provided by the statute (10–2581–2587, Code of Laws of South Carolina, 1962) is exclusive.

Smith v. Atlantic Coast Line R. Co. (1948) 212 S.C. 332, 335–337, 47 S.E.2d 725.

■ The statement by the plaintiff and his wife that they had intended from the date of Gerald's birth (August 26, 1961) to adopt him does not in equity give him the status of an adopted child under the law of South Carolina. See, Smith v. Atlantic Coast Line R. Co., *supra*, 212 S.C. p. 336, 47 S.E.2d 725. It clearly appears that the legal adoption was not within the twenty-four month period after plaintiff became entitled to old-age benefits.

Neither was Gerald receiving "at least one-half of his support" from the plaintiff "for the year before * * * (plaintiff) filed his application for old-age insurance benefits"[6] (March, 1962), and neither were the adoption proceedings instituted in or before the month the plaintiff filed his application for old-age benefits and neither was Gerald living with the plaintiff in such month.[7] Accepting plaintiff's own statement, the proceedings for adoption were instituted September, 1964, and Gerald came to live with plaintiff in June, 1963, at which time plaintiff says there was an oral agreement to adopt Gerald; that he and his wife had considered him as their own son since he came to live with them in June, 1963.

■ The Social Security Act is a remedial statute and should be liberally construed but "the Court cannot legislate; nor can it construe a statute which is clear." Bray v. Gardner (D.C.Tenn. 1967) 268 F.Supp. 328, 331.

■ I must conclude that under South Carolina law, the adoption of Gerald by the plaintiff was not consummated within the twenty-four month period imposed by the Act; neither did he receive one-half of his support from plaintiff the year before plaintiff filed his application

5. Section 216(h) (2) (A) of the Act, 42 U.S.C.A. § 416(h) (2) (A).

6. Section 202(d) (9) (i), (Gerald was born August 25, 1961.) 42 U.S.C.A. § 402(d) (9) (i).

7. Section 202(d) (9) (ii), 42 U.S.C.A. § 402(d) (9) (ii).

for old-age benefits, neither were proceedings for his adoption instituted by plaintiff in or before the month in which the plaintiff filed his application for old-age benefits and neither was he living with plaintiff in such month. The motion of the defendant for summary judgment must be granted.

And it is so ordered.