22534

James Wayne HUCKS, Respondent-Appellant v. Donna Shelley DOLAN and James Michael Shelley, an infant under the age of Fourteen (14) years, of whom Donna Shelley Dolan is Appellant-Respondent. Appeal of Donna Shelley DOLAN.

(343 S. E. (2d) 613)

Supreme Court

*Jack T. Flom,* of *Marshall, Flom & Hills,* Myrtle Beach, *for appellant-respondent.*

*Kaye Gorenflo Hearn,* of *Stevens, Stevens, Thomas, Hearn & Hearn,* Loris, *for respondent-appellant.*

*Richard N. Booth,* Conway, *as Guardian ad Litem for James Michael Shelley.*

Heard March 12, 1986.

Decided April 28, 1986.

HARWELL, Justice:

This is a cross-appeal from an order granting the natural father's petition to adopt his illegitimate son, and an order assessing the $905 guardian ad litem fee against the natural father.

James Wayne Hucks (father) was separated from his wife, and Donna Shelley Dolan (mother) was divorced when the child was born out of wedlock on April 19, 1978. The South Carolina Department of Social Services subsequently brought a paternity action on the mother's behalf. After the father's paternity was established by a court order dated February 16, 1982, the father provided the required support and exercised his visitation rights. When the father learned that the mother and her husband were going to move to Texas, he filed this action seeking to adopt the child, extend his visitation rights, and change the child's surname to Hucks. The mother refused to consent to the adoption and cross-petitioned to change the child's name to her married name of Dolan.

The family court granted the father's petition for adoption, changed the child's name to Hucks, and granted the father specific visitation rights. The mother appealed. The family court subsequently issued a second order assessing the guardian ad litem fee of $905 against the father. The father appealed. The two appeals were consolidated by this Court.

The mother contends that the family court erred in granting the adoption of the minor child over her objection since adoption absent such consent is not authorized by statute in the present case. We agree.

The adoption of a child was a proceeding unknown to the common law. Adoption exists in this state only by virtue of statutory authority which expressly prescribes the conditions under which an adoption may legally be effected. *Driggers v. Jolley*, 219 S. C. 31, 64 S. E. (2d) 19 (1951). Since the right of adoption in South Carolina is not a natural right but wholly statutory, it must be strictly construed. *Wright v. Alexander*, 230 S. C. 286, 95 S. E. (2d) 500 (1956).

The adoption statute clearly requires the consent of the natural mother under the present set of facts. It states:

> An adoption of a child may be decreed when there have been filed written consents to adoption executed by:
>
> . . . .
>
> (b) if the child is illegitimate, *the mother*, regardless of age, and the child's natural father, if he has consistently on a continuing basis exercised rights and performed duties as a parent. . . .

S. C. Code Ann. § 20-7-1710 (1976, as amended) (emphasis added).

In this case, the mother vigorously objected to the adoption proceeding and emphatically refused to give her consent. Consent lies at the foundation of our adoption statute. The court cannot issue a valid adoption decree unless the parent has consented or forfeited her or his parental rights through abandonment or misconduct. *D'Augustine v. Bush*, 269 S. C. 342, 237 S. E. (2d) 384 (1977). The adoption petition does not set forth any facts, nor were any adduced at trial, which would excuse the consent of the natural mother under the present statutory scheme.

The father contends that the consent required by S. C. Code Ann. § 20-7-1710(b)(1976, as amended) only applies to adoption by persons other than the natural parents of the child. The father submits that the mother's consent was properly excused in this case because (1) he is

the child's natural father, and (2) he was not seeking to terminate the rights of the natural mother to the child.

The father agrees that the mother should retain custody of the child and continue to have her parental rights. The father argues that when the natural parent's rights to the child are not being terminated by the adoption, the reason for the rule requiring consent disappears. This is not a valid argument. When a final decree of adoption is entered, the natural parents of the adopted child, unless they are the adoptive parents, shall no longer have any rights whatsoever over the adopted child. S. C. Code Ann. § 20-7-1770 (1976, as amended). If the father were allowed to adopt his illegitimate child, this would terminate the mother's parental rights. There is no provision through which the father could allow the mother, in direct contravention of the statute, to retain her parental rights once he adopted the child.

The underlying premise of the father's argument appears to be that there should be some way, short of marrying the natural mother, that he could legitimate his son. The Legislature, not this Court, would be the proper body to consider that argument. Under present law, the mother's consent is required in this case. Since this consent was not obtained, the adoption order must be reversed.

We find the guardian ad litem fee of $905 to be excessive and accordingly reduce it to $450. The family court correctly determined that since the father instigated this action, he is responsible for payment of the entire fee.

It is not necessary for us to reach the remaining exceptions.

Reversed.

NESS, C. J. and GREGORY, CHANDLER and FINNEY, JJ., concur.