MAUI LAND & PINEAPPLE COMPANY, Plaintiff, *v.* NAIAPAAKAI HEIRS OF JOHN KEOLA MAKEELANI, Defendants-Appellants, and IOBA MALO, et al., Defendants-Appellees

NOS. 12018 & 12349

(CIVIL NO. 5339(1))

MARCH 21, 1988

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

The appeal in No. 12018 is from an order entered on stipulated facts of January 20, 1987. The court, on the basis of the stipulated facts, concluded that Grace Young, Charles Kamauoha and Hookano Kamauoha did not inherit an interest in the property which is the subject of the lawsuit. It consequently entered an order granting a motion for determination of heirs and denying an evidentiary trial on the subject. The order, which also set forth the stipulated facts, was prepared by appellants' counsel and agreed to by appellees' counsel. Subsequently, appellants moved for reconsideration or for an HRCP 54(b) certification. Reconsideration was denied but the certification was granted and this appeal followed.

The appeal in No. 12349 is from the denial of the subsequent motion for relief from the order previously appealed from under HRCP 60(b).

The stipulated facts were:

Come now Charles Kamauoha, Sr., c/o Spencer Kamauoha, and Grace Kamakeekapu Young, by and through their attorney Sherry P. Broder, and for the purposes of the Motion for Determination of Heirs stipulate to the following facts:

1. Sarah Naiapaakai Kali (hereinafter "Sarah") was given a life estate in 13.81 acres of property described as L.C. Aw. 3925L:3, R.P. 729 to Ili, located at Honokeana, Kaanapali, Maui, Tax Map Key 4-3-4-14, Second Taxation Division, by her parents, D.K. Naiapaakai and Louisa Kamahana Naiapaakai. Their conveyance provided that:

"The child to be born by her [Sarah] shall inherit this property, if not any own children, or descedents [sic] living at the time of her [Sarah's] death, then the children or descedents [sic] of our former children, or someone of their heirs — not someone else."

2. At the time of her death in 1933, Sarah, a widow without issue, was survived by one sister, Nahoopii.

3. Sarah's sister, Kamaiohao, predeceased Sarah in 1904 and Sarah's brother, David Kuuku[,] predeceased Sarah in 1901.

4. Kamaiohao and David Kuuku were Sarah's only siblings, who predeceased Sarah leaving issue, descedents [sic] or heirs.

5. Kamaiohao married John Kamakeelani and they had several children but only three (3) children, John Keola, Kahoku and Kaliko had heirs.

6. John Keola married Hookano Kamauoha, who had previously been married to Akiona, also known as Ah Chong.

7. Hookano Kamauoha and Akiona had two (2) children, Grace Young and Charles Kamauoha.

8. John Keola was born in 1875 and died in 1913.

9. John Keola hanaied Grace Young and Charles Kamauoha, according to ancient Hawaiian customs and practice sometime after 1846.

10. After John Keola's death, Hookano Kamauoha married a man named Soloman Kahawaii to whom she remained married at the time of her death in 1925.

11. John Keola died intestate without issue or surviving parents leaving his widow, Hookano, as his heir by statute of descent.

12. Hookano died in 1925 leaving heirs at law: Charles Kamauoha and Grace Young.

13. Charles Kamauoha and Grace Young survived Sarah.

14. Prior to the time of Sarah's death in 1933, numerous parcels of the property listed in said conveyance were conveyed to third parties by many of the children of D.K. Naiapaakai and Louisa Kamahana Naiapaakai and many of the heirs of said children.

Appellants attached to their moving papers on the motion to continue hearing and for an evidentiary trial, and to their 60(b) motion, uncertified portions of a deed in Hawaiian which is the basis of their claim of title. Their moving papers contain a translation which indicates that the deed was from D.K. Naiapaakai and Louisa Kamahana Naiapaakai to S. Kanekapolei, acknowledged May 21, 1875 and recorded in the Bureau of Conveyances on June 5, 1875. Since the grantee died without surviving issue, the crucial

question in the case turned on the phrase in the deed "ike kekahi o lakou ka hooilina aole kekahi mea e ae." The stipulation of facts correctly translates those words as "or someone of their heirs — not someone else." The grantee died in 1933. Appellants Grace Young and Charles Kamauoha survived her. They were the children of Hookano Kamauoha and Akiona who had been hanaied by John Keola when he married their mother subsequent to their birth. John Keola was a child of Kamaiohao, a sister of the grantee. He was born in 1875 and died in 1913.

Appellants contend that as "keiki hanai" of John Keola, they are "hooilina".

Essentially appellants' claim is that they were, by Hawaiian custom, adopted children and therefore heirs. However, as the exhaustive review of the history of the law of adoption in this jurisdiction as set out in *O'Brien v. Walker*, 35 Haw. 104 (1939), indicates, while adoption by custom was recognized in early times, beginning in 1841 and continuing until the present time (and thus in effect during the period when appellants were hanaied by John Keola), there were written statutes of adoption which had to be followed in order to constitute the adoptee's legal heirs of the adoptors. Even prior to the enactment of any statutes on the subject of adoption, the mere fact that one was a "keiki hanai" did not, by Hawaiian custom, carry with it a right of inheritance. In *Mellish v. Bal*, 3 Haw. 123 (1869), the court stated:

> If the usages in regard to the force and meaning of adoption prior to 1841, had been uniform, so as to establish a custom having the force of law, in *all cases* of adoption, this case would present a different aspect; for proof of the unwritten law of the land is never required. But no one would claim that every relation of *keiki hanai* carried the inheritance.

*Id.* at 126-27 (emphasis in original).

Indeed the law of Hawaii with respect to the question of whether keiki hanais are heirs is so well settled that it is somewhat surprising to have the issue again brought before us.

Appellants also urge that we engraft a doctrine of equitable adoption on the law of Hawaii. We explicitly refuse to do so. As pointed out above, we have a well developed law of adoption in this State and to depart from the statutes by creating a doctrine of

equitable adoption would import mischief and uncertainty into the law.

Affirmed.

*Sherry P. Broder (Karen A. Essene* with her on the reply brief) for appellants.

*Francis P. Hogan (Michael W. Gibson; Ashford & Wriston)* for appellees.