KATHLEEN LEALAIMATAFAO, both individually and in her capacity as Special Administrator of the Estate of SEMAIA LEALAIMATAFAO; LEILANI LEALAIMATAFAO; and MARK LEALAIMATAFAO, Plaintiffs, v. WOODWARD–CLYDE CONSULTANTS, a Nevada Corporation, Defendant–Appellee, and JOHN DOES 1–10; JANE DOES 1–10; DOE CORPORATIONS 1–10; DOE PARTNERSHIPS 1–10; DOE GOVERNMENTAL ENTITIES 1–10; and DOE NON–PROFIT ENTITIES 1–10, Defendants

WOODWARD–CLYDE CONSULTANTS, a Nevada Corporation, Defendant and Third–Party Plaintiff–Appellee, v. PR DRILLING CO., INC., a Hawai'i Corporation, Third–Party Defendant

(CIV. NO. 91–3429)

and

TOEFOI LEALAIMATAFAO, both individually and in her capacity as next of Friend of ALEX FAAGAI, JR., a.k.a. SEMAIA LEALAIMATAFAO, JR., a minor, Plaintiffs–Appellants, v. WOODWARD–CLYDE CONSULTANTS, a Nevada Corporation, Defendant–Appellee, and DOE DEFENDANTS 1–100, Defendants

WOODWARD–CLYDE CONSULTANTS, a Nevada Corporation, Defendant and Third–Party Plaintiff–Appellee, v. PR DRILLING CO., INC., a Hawai'i Corporation, Third–Party Defendant

NO. 16762

(CIV. NO. 91–3554)

JANUARY 26, 1994

MOON, C.J., KLEIN, LEVINSON,
NAKAYAMA, AND RAMIL, JJ.

OPINION OF THE COURT BY RAMIL, J.

This appeal involves the partial dismissal of a complaint filed by Plaintiffs–Appellants Toefoi Lealaimatafao (Toefoi), and Alex Faagai, Jr., a.k.a. Semaia Lealaimatafao, Jr. (Alex) (collectively Appellants) against Defendant–Appellee Woodward–Clyde Consultants (WCC) for the recovery of damages arising out of the death of Semaia Lealaimatafao (Semaia).

The circuit court dismissed all of Appellants' claims with the exception of their claims for pecuniary injuries. The judgment was entered pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 54(b), and Appellants timely filed their notice of appeal.

On appeal, Appellants contend that the circuit court reversibly erred when it concluded that Appellants' claims were limited to pecuniary losses pursuant to this jurisdiction's wrongful death statute, Hawai'i Revised Statutes (HRS) § 663–3 (1985). We agree and conclude that pursu-

ant to HRS § 663–3, Appellants are entitled to raise claims for both pecuniary injuries as well as for the loss of love and affection. Accordingly, we vacate the partial dismissal of Appellants' claims and remand for further proceedings.

## I. **FACTS**

Semaia was fatally electrocuted on October 24, 1989, when the drilling rig he was operating came into contact with high–voltage wires. At the time of the accident, Semaia was working for Third–Party Defendant PR Drilling Co., performing subsurface drilling as a subcontractor to WCC.

Following the accident, two wrongful death actions were filed in the circuit court. The first, Civil No. 91–3429–10,[1] was filed by Plaintiffs Kathleen Lealaimatafao (Kathleen), Leilani Lealaimatafao (Leilani), and Mark Lealaimatafao (Mark). Kathleen is the legal wife of Semaia, and Leilani and Mark are the children of Kathleen and Semaia. Although never legally divorced, Kathleen and Semaia were separated and had lived apart during the last nineteen years of Semaia's life. Leilani and Mark resided with Kathleen during their parents' separation.

The second complaint, Civil No. 91–3554–10, was filed by Appellants Toefoi Lealaimatafao[2] (Toefoi), both in her individual capacity and as Next Friend for Alex

---

[1] Civil No. 91–3429–10 was not subject to the partial dismissal, and therefore, is not before us on appeal.

[2] There is some uncertainty as to whether Toefoi's legal surname is in fact Lealaimatafao.

Faagai, Jr., a.k.a. Semaia Lealaimatafao, Jr., a minor (Alex). Appellants' complaint alleged, *inter alia*, that:

> PLAINTIFF TOEFOI LEALAIMATAFAO has lived with SEMAIA LEALAIMATAFAO, deceased, since 1973 and was held out by SEMAIA LEALAIMATAFAO, as his wife from 1973 to the date of SEMAIA LEALAIMATAFAO's death on October 24, 1989. PLAINTIFF TOEFOI LEALAIMATAFAO held out SEMAIA LEA-LAIMATAFAO as her husband and was wholly dependant on SEMAIA LEALAIMATAFAO, deceased.

> PLAINTIFF TOEFOI LEALAIMATAFAO has been appointed guardian of the property and next of friend for PLAINTIFF ALEX FAAGAI, Jr., a.k.a. SEMAIA LEALAIMATAFAO, JR., a minor, (PLAINTIFF ALEX FAAGAI, JR.) who was raised by SEMAIA LEALAIMATAFAO, deceased, and held out by SEMAIA LEALAI-MATAFAO as his son. PLAINTIFF ALEX FAA-GAI, Jr. held out SEMAIA LEALAIMATAFAO as his father and was wholly dependant on SEMAIA LEALAIMATAFAO, deceased.

> . . . .

> As a direct, proximate and legal cause of the aforesaid negligence of DEFENDANT [WCC] and resulting death of SEMAIA LEALAI-MATAFAO, deceased, PLAINTIFF TOEFOI LEALAIMATAFAO, has suffered the loss of love and affection, loss of society, companionship, comfort, consortium and protection, and loss of marital care, attention, advice, counsel and finan-cial support, all of which have been suffered by said PLAINTIFF TOEFOI LEALAIMATAFAO.

As a direct, proximate and legal cause of the aforesaid negligence of DEFENDANT [WCC] and resulting death of SEMAIA LEALAIMATAFAO, deceased, PLAINTIFF ALEX FAAGAI, Jr. has suffered the loss of love and affection, loss of society, companionship, comfort, consortium and protection, loss of filial care and attention and loss of parental care, guidance, education, and financial support, all of which have been suffered by said PLAINTIFF ALEX FAAGAI, Jr.

The two complaints were consolidated on June 30, 1992. Thereafter, on August 19, 1992, WCC filed an HRCP Rule 12(b)(6) (1990)[3] motion for a partial dismissal of all of Appellants' claims, except for their claims for loss of financial support on the basis that Toefoi was not the legal wife and Alex was not the biological or legally–adopted son of Semaia.

The circuit court granted WCC's motion on December 17, 1992. The court also ordered that final judgment be entered, pursuant to HRCP Rule 54(b).[4] Appellants timely filed a notice of appeal on January 13, 1993.

---

[3] HRCP Rule 12(b)(6) provides in relevant part:

(b) **How Presented.** Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross–claim, or third–party claim shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted[.]

[4] HRCP Rule 54(b) provides:

(b) **Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross–claim, or third–party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer

## II. DISCUSSION
### A.

The circuit court granted WCC's Rule 12(b)(6) motion and dismissed all of Appellants' claims except for their claims for loss of financial support. On appeal, we will not affirm a dismissal of a complaint pursuant to HRCP, Rule 12(b)(6) unless it appears beyond a doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. *Baehr v. Lewin*, 74 Haw. 530, 545, 74 Haw. 645, 852 P.2d 44, 53 (1993), *as clarified on grant of reconsideration in part* (citations omitted).

Appellants contend the circuit court erred in concluding that "dependents," like Appellants, are limited to a claim for pecuniary losses pursuant to HRS § 663–3. We agree.

HRS § 663–3 (1985) provides in part:

**Death by wrongful act.** When the death of a person is caused by the wrongful act, neglect, or default of any person, the deceased's legal representative, or *any of the persons hereinafter enumerated, may maintain an action* against the person causing the death or against the person

---

than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

responsible for the death. The action shall be maintained on behalf of the persons hereinafter enumerated, except that the legal representative may recover on behalf of the estate the reasonable expenses of the deceased's last illness and burial.

*In any action under this section, such damages may be given* as under the circumstances shall be deemed fair and just compensation, *with reference to the pecuniary injury and loss of love and affection*, including (1) loss of society, companionship, comfort, consortium, or protection, (2) loss of marital care, attention, advice, or counsel, (3) loss of filial care or attention, or (4) loss of parental care, training, guidance, or education, suffered as a result of the death of the person by the surviving spouse, children, father, mother, and *by any person wholly or partly dependent upon the deceased person.*

(Emphasis added.)

The interpretation of HRS § 663–3 is a question of law which we review *de novo*. *Franks v. City and County of Honolulu*, 74 Haw. 328, 334, 843 P.2d 668, 671 (1993). Our foremost obligation in construing HRS § 663–3 " 'is to ascertain and give effect to the intention of the legislature[,]' " obtained primarily from the language contained in the statute itself. *Id.* (citations omitted). Furthermore, the statutory language must be read in the context of the entire statute and construed in a manner consistent with the purpose of the statute. *Id.* (citation omitted). Where the statutory language is plain and unambiguous, our only duty is to give effect to its plain and obvious meaning. *AIG Haw. Ins. Co. v. Estate of Caraang*, 74 Haw. 620, 634, 851 P.2d 321, 328 (1993) (citation omitted).

In the instant case, the language of HRS § 663–3 is plain and unambiguous, and our only duty is to give effect to the plain and obvious meaning of the statute. According to the plain language, the surviving spouse, children, mother, and father of the deceased *and* any person wholly or partly dependent upon the deceased may recover damages for pecuniary injuries *and* for the "loss of love and affection" caused by the wrongful death of the deceased. HRS § 663–3.

1.

Initially, WCC contends that Appellants are not "dependents." Previously, this court defined "dependents" as used in this State's wrongful death act[5] in *Young v. Honolulu C. & D. Co.*, 34 Haw. 426 (1938). The *Young* court stated that:

> [t]he term "dependent" has been variously construed. But as employed in death acts it connotes the existence of necessitous want. . . .
>
> Dependency may result from different causes. It may result from the lack of physical necessities such as food, shelter and clothing. It may result from moral and social necessities such as education. Physical, moral and social necessities are not confined to the subjects mentioned. Others are readily conceivable.

*Id.*, 34 Haw. at 442 (citations omitted). Thus, under § 663–3 Appellants are the dependents of Semaia if they wholly or partly derived physical, moral, and/or social necessities from him.

---

[5] At the time *Young* was decided, this State's wrongful death act was codified as Section 4052, Revised Laws 1935.

In their complaint, both Appellants averred that they were wholly dependent upon Semaia. Appellants also averred that Semaia had been residing with them since 1973 and held them out as his wife and son. Thus, Appellants' complaint contains allegations, which if proven, are sufficient to entitle them to recover for the loss of love and affection.

2.

With respect to Alex, WCC also makes the argument that Alex is not a dependent because this court refused to accept the doctrine of equitable adoptions in *Maui Land & Pineapple Co. v. Makeelani*, 69 Haw. 565, 568, 751 P.2d 1020, 1022 (1988). *Maui Land*, however, is inapposite to the instant case.

In *Maui Land*, this court was asked to extend the definition of "ho'oilina,"[6] as used in a deed, to include "hnai"[7] children. *Id.* at 567–568, 751 P.2d at 1021. We refused and also declined to adopt the doctrine of equitable adoptions. *Id.* at 568–569, 751 P.2d at 1021–1022.

---

[6] "Ho'oilina" is a Hawai'ian word that translates as "or someone of their heirs — not someone else." *Maui Land*, 69 Haw. at 568, 751 P.2d at 1021.

[7] The English equivalent of hanai is a "foster child" or "ward." The word "hanai" in the older [Hawai'ian] dictionary is given the meaning of "to feed, to nourish, to support those in need; to entertain, as strangers, etc.; also, one fed or sustained by another; a foster child or a ward." The "keiki hanai" relationship supplies the reason why the courts required that oral evidence, supporting an ancient adoption must be clear and concise so that it could be definitely distinguished from a mere foster–child or ward relationship. *O'Brien v. Walker*, 35 Haw. 104, 129 (1939).

WCC, therefore, argues that since *Maui Land* rejected the doctrine of equitable adoptions, Alex is not an heir and does not have a claim as a "dependent" under HRS § 663–3.

In support of its argument, WCC cites several jurisdictions which have declined to apply the doctrine of equitable adoptions in wrongful death actions. However, the jurisdictions cited by WCC were subject to narrowly–drawn wrongful death statutes that did not include "dependents." Thus, the wrongful death laws cited by WCC vary significantly from HRS § 663–3. *See, e.g. Herrera v. Glau*, 772 P.2d 682 (Colo. App. 1989) (Colorado statute provided relief to the *heirs* of the deceased); *Byrnes v. Ford Motor Co.*, 642 F. Supp. 309 (E.D. Tex. 1986) (the stated purpose of the Texas wrongful death statute is "for the exclusive benefit of the surviving spouse, children and parents of the deceased"); *Grant v. Sedco Corp.*, 364 So. 2d 774 (Fla. App. 1978) (Florida wrongful death act allows "survivors" to bring a claim, where "survivors" are defined as the surviving spouse, minor children, parents and any blood relatives and adoptive brothers and sisters who are partly or wholly dependent on the deceased); *Limbaugh v. Woodall*, 121 Ga. App. 638, 175 S.E.2d 135 (1970) (the terms "child" or "children" as used in the Georgia wrongful death statutes do not include persons who were never legally adopted); *Smith v. Atlantic Coast Line Ry. Co.*, 212 S.C. 332, 47 S.E.2d 725 (1948) (the wrongful death statute in South Carolina is limited to the benefit of the surviving spouse and children of the deceased, then for the deceased's parents and if there are none, then for the benefit of the heirs or the distributees of the deceased).

As discussed *supra*, it is immaterial, for purposes of ascertaining "dependency," whether Alex is "hoʻoilina," or

a "hanai" child. Moreover, our refusal to recognize equitable adoptions is likewise irrelevant. The only relevant criterion pursuant to § 663–3 is whether Alex is wholly or partly dependant on Semaia for physical, moral, and/or social necessities. Thus, the court's refusal in *Maui Land* to accept the doctrine of equitable adoptions is inapposite to the issue of dependency.

3.

In the alternative, WCC contends that assuming Appellants were "dependents" of Semaia, Appellants' sole claim is for pecuniary injuries. Specifically, WCC argues that: (1) the statute defines classes of relatives in a specific order of priority and any other non–enumerated dependent is limited to economic losses; and (2) in order to have a claim for the loss of love and affection, Appellants must be entitled to one of the enumerated claims. We disagree.

a.

With respect to WCC's first argument, the language of HRS § 663–3 does not indicate an intent by the legislature to distinguish persons wholly or partly dependent upon the deceased and those persons specifically enumerated — namely, the surviving spouse, children, father, and mother of the deceased.

As stated *supra*, the language of HRS § 663–3 is plain and unambiguous. We therefore hold that HRS § 663–3 does not define classes of relatives in a specific order of priority, nor does it limit the damages recoverable by a "dependent" to those arising from pecuniary injuries only.

b.

WCC's second contention is that Appellants would not be entitled at common law to any of the claims for the loss of love and affection enumerated in § 663–3 and therefore cannot pursue those claims by filing their complaint pursuant to § 663–3.

The enumerated claims in HRS § 663–3 are: (1) loss of society, companionship, comfort, consortium, or protection; (2) loss of marital care, attention, advice, or counsel; (3) loss of filial care or attention; and (4) loss of parental care, training, guidance, or education.

Clearly, Appellants cannot maintain a claim for the loss of filial care or attention because that claim was intended for the parents of Semaia. WCC, however, contends that Appellants also cannot establish a claim for loss of consortium, marital care, or parental care because those claims are reserved to Semaia's legal spouse or children.

WCC misreads the plain language of the statute. Pursuant to HRS § 663–3, it is irrelevant whether Appellants are entitled to one of the specifically enumerated claims for damages. The plain and unambiguous language of HRS § 663–3 states that dependents may bring a claim for "pecuniary loss and loss of love and affection, including [the enumerated claims]."

The term, "including" expresses "an enlargement and [has] the meaning of *and* or *in addition to*, or merely [specifies] a particular thing already included within the general words theretofore used." BLACK'S LAW DICTIONARY 763 (6th ed. 1990) (emphasis in original). By using the term "including," the legislature intended the enumerated claims to be exemplary of the type of claims which may be brought for the loss of love and affection. The

term "including" in no way implies exclusivity. Thus, it is irrelevant whether Appellants are entitled to any of the enumerated claims inasmuch as they have a general claim for the loss of love and affection.

## III. CONCLUSION

Based on the foregoing discussion, we hold that the circuit court reversibly erred when it dismissed Appellants' claims for the loss of love and affection pursuant to HRS § 663–3 and limited Appellants' claims to pecuniary injuries. Accordingly, we vacate the partial dismissal of Appellants' claims and remand for further proceedings.

*Lionel Riley* (*Joseph P.H. Ahuna, Jr.* on the briefs of the Law Office of Joseph P.H. Ahuna, Jr.) for Plaintiffs–Appellants.

*Tracy G. Chinen* (*Wilson C. Moore, Jr.* with him on the briefs of Rush Moore Craven Sutton Morry & Beh) for Defendant, Third–Party Plaintiff–Appellee.