22523

Larry Donnell GARDNER and Debbie Elaine Gardner, Respondents v. "BABY EDWARD," a Minor under the Age of Fourteen (14) Years, and The Children's Bureau of South Carolina, of whom "Baby Edward," is Respondent, and The Children's Bureau of South Carolina, is Appellant. Appeal of The CHILDREN'S BUREAU OF SOUTH CAROLINA.

(342 S. E. (2d) 601)

Supreme Court

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Frank K. Sloan, Asst. Attys. Gen. Ruby B. McClain and B. J. Willoughby,* Columbia, *for appellant.*

*Philip J. Mace,* Columbia, *for respondent.*

*Virginia W. Batson, Staff Atty.* and *Bruce Holland, Gen. Counsel of South Carolina Dept. of Social Services,* Columbia, *amicus curiae.*

*Michael J. Hileman,* Columbia, *guardian ad litem.*

Heard Feb. 24, 1986.

Decided April 7, 1986.

NESS, Chief Justice:

This is an appeal from an order issued in an adoption proceeding to compel disclosure of the names of the child's natural parents. We reverse.

Baby Edward was born in 1984. After consulting with representatives of the Children's Bureau, both natural parents executed consents to allow Baby Edward to be adopted. S. C. Code Ann. Section 20-7-1710(a) (1976). Neither natural parent has ever expressed any desire to withdraw consent to adoption.

In December, 1984, the Gardners (respondents) petitioned the family court to adopt Edward. The trial judge *sua sponte* ordered the Children's Bureau to disclose to the court the identity of the natural parents, and ordered a bifurcated hearing to determine voluntariness of consent. Upon appeal by the Children's Bureau, this Court superseded the order pending disposition of the appeal.

Consent lies at the foundation of the adoption process. In order for the court to issue a valid adoption decree, it must appear that the parent has consented or otherwise forfeited his or her parental rights. *D'Augustine v. Bush,* 269 S. C. 342, 237 S. E. (2d) 384 (1977).

Adoption may be decreed when there exists "written consents to adoption executed by ... the executive head of an agency ... if the child had been relinquished for adoption to such agency ... and custody of the child had been legally vested in such agency with authority to consent to adoption of the child." S. C. Code Ann. Section 20-7-1710(d) (1976). The Children's Bureau may consent *in loco parentis* to the adoption of a child when the natural parents have relinquished the child to the Bureau for adoption. Section 20-7-1860 (1976). There is no requirement, statutory or otherwise, for a determination of voluntariness of consent in an adoption proceeding. Nor is there any authority which permits the trial judge to make this inquiry prior to entering an adoption decree.

The trial judge read *Morgan v. S. C. Department of Social Services*, 280 S. C. 577, 313 S. E. (2d) 350 (Ct. App. 1984) to authorize an independent judicial investigation in an adoption proceeding. The investigation referenced in *Morgan* is that authorized and required by statute. S. C. Code Ann. Sections 20-7-1740(a) and 20-7-1760 (1976). The trial judge must determine whether consent has been obtained from the proper persons and whether adoption is in the best interests of the child. However, he has no authority to question the voluntariness of parental consent in the absence of a petition by one or both of the natural parents to withdraw consent. S. C. Code Ann. Section 20-7-1720 (1976); *Phillips v. Baker*, 284 S. C. 134, 325 S. E. (2d) 533 (1985).

This Court has jealously guarded the sanctity of the adoption process. Disclosure of confidential information relating to the adoption will be authorized only for compelling reasons. *Bradey v. The Children's Bureau of South Carolina*, 275 S. C. 622, 274 S. E. (2d) 418 (1981); see also S. C. Code Ann. Section 20-7-1780 (1976). Routine disclosure of the identity of the natural parents in an agency adoption would seriously compromise the confidentiality which is imperative to the adoption process.

The order of the trial judge is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.