23301

Sheryl W. EVANS and W. Lawton Evans, Jr., Respondents v. SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, John Doe, a person representing the birth father of the minor defendant, and Baby Boy Doe, a minor defendant under the age of seven (7) years, Defendants, Of whom South Carolina Department of Social Services is Appellant.

(399 S.E. (2d) 156)

Supreme Court

*Susan Anderson* of *South Carolina Dept. of Social Services,* Columbia, *for appellant.*

*Malcolm Whisenhunt,* Florence, *for respondents.*

*Mary Anne Graham,* Florence, *guardian ad litem for defendant Baby Boy Doe.*

Heard Oct. 3, 1990.

Decided Dec. 10, 1990.

HARWELL, Justice:

This case presents the unique question of how to proceed with an adoption when the unmarried birth mother refuses to reveal the identity of the child's father.

## I. FACTS

An unmarried mother relinquished her baby to appellant South Carolina Department of Social Services (SCDSS) for the purpose of adoption. The mother refused to reveal the identity of the father to SCDSS. SCDSS advised the mother that she could be compelled to appear in family court and give her reasons for her refusal to name the father. The mother signed an affidavit acknowledging this fact. The baby was placed with an adoptive couple. The adoptive couple filed their adoption action, and SCDSS consented to the adoption. The adoptive couple's attorney published a "John Doe" notice of the adoption action in an attempt to provide notice to the unknown birth father.

At the final adoption hearing in April 1989, the family court judge determined that the adoptive couple were fit parents and that the birth father's consent to the adoption was not necessary. However, after reviewing a sealed packet from SCDSS containing the mother's affidavit, the family court judge refused to grant the adoption, finding that the birth father's identity could possibly be ascertained and thus, that the "John Doe" notice was insufficient. The family court judge ordered SCDSS to reveal the name and address of the birth father to the adoptive couple's attorney or if SCDSS could not

provide this information, to provide the name and address of the birth mother. SCDSS filed a motion asking the family court judge to reconsider his order, but he refused. This appeal followed.[1]

## II. DISCUSSION

SCDSS first argues that the family court judge erred in ordering it to divulge the name and address of the birth mother to the adoptive couple's attorney. Disclosure of confidential information relating to the adoption process will be authorized only for compelling reasons. *Gardner v. "Baby Edward,"* 288 S.C. 332, 342 S.E. (2d) 601 (1986). S.C. Code Ann. § 20-7-1780 (1989) mandates that all files and records pertaining to the adoption proceedings are to be kept confidential. SCDSS also has its own policy requiring information regarding clients to be kept confidential. To compel SCDSS to reveal the birth mother's name and address would undermine the confidentiality that is the foundation of the adoption process and would violate the mother's right to privacy. *Bradey v. Children's Bureau of S.C.,* 275 S.C. 622, 274 S.E. (2d) 418 (1981).

SCDSS next argues that the family court judge erred in determining that the unknown birth father was not afforded due process by the use of "John Doe" notice. SCDSS contends that notice by publication was sufficient to protect the unknown father's due process rights because his consent was not required to complete the adoption. Our statute provides that only unwed fathers meeting certain criteria have a right to grant or withhold consent. S.C. Code Ann. § 20-7-1690 (1989). At the hearing, the family court judge determined that the birth father's consent was not required in this case because the father did not live with his child or the child's mother for a continuous period of six months immediately preceding the placement of the child for adoption, did not hold himself out to be the child's father, and

---

[1] Subsequent to the filing of this appeal, SCDSS again asked the mother to reveal the name of the child's father. The mother eventually provided SCDSS with his name, but SCDSS was unable to locate him. Although this development renders this case moot, this is a recurring dilemma which may unnecessarily interfere with the adoption process. Thus, we have decided to address the issue here in order to clarify the law on this point and facilitate the adoption process in the future.

did not contribute to the expenses incurred in connection with the mother's pregnancy or with the birth of the child. Although the father's consent is not required in this case, our statute provides that even unwed fathers whose consent is not necessary must be given notice of adoption proceedings. S.C. Code Ann. § 20-7-1734(B)(3) (1989). The statute does allow for notice by publication to be given if notice by personal service cannot be given. S.C. Code Ann. § 20-7-1734(D) (1989). However, the family court judge held that since it appeared that the birth mother could identify the father and personal service could then be given, that "John Doe" notice was insufficient and violated the biological father's due process rights. We disagree.

The mere existence of a biological link does not merit constitutional protection of due process rights. *Lehr v. Robertson*, 463 U.S. 248, 103 S. Ct. 2985, 77 L. Ed. (2d) 614 (1983). An unwed father must accept the responsibilities of parenthood before he acquires this constitutional protection. *Id.* We hold that where a father's consent is not needed for an adoption due to the father's lack of accepting any of the responsibilities of fatherhood pursuant to S.C. Code Ann. § 20-7-1690 (1989), the father's due process rights are not violated by publishing a "John Doe" notice when the identity of the father is unknown because the mother refuses to reveal it. *See Augusta County Dept. of Social Services v. Unnamed Mother*, 3 Va. App. 40, 348 S.E. (2d) 26 (1986) (where mother refused to reveal identity of father, thus precluding notice by mail which adoption statute requred, notice by publication was held sufficient to protect father's due process rights); *Lutheran Social Services v. Doe*, 172 N.J. Super. 343, 411 A. (2d) 1183 (1979) (holding in a parental rights termination proceeding that service by publication upon father was consistent with due process requirements where mother would not reveal identity of father).

Thus, we agree with SCDSS that the trial judge erred in conditioning the adoption upon the naming of the birth father. Delaying the finality of the adoption is not in the child's best interests. The father's consent is not required by our statute and notice by publication, which is specifically allowed by our statute, has been provided. Accordingly, the order of the family court is

Reversed.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.

