534 S.E.2d 713

Christopher Paul JONES and Angela Utley Jones, Respondents,

v.

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES,
Baby Girl Doe, and Baby Boy Doe, Minors under the age
of Five (5) years, Defendants,

of whom South Carolina Department
of Social Services is, Appellant,

and

Baby Girl Doe and Baby Boy Doe, Minors under
the age of Five (5) years are, Respondents.

No. 3210.

Court of Appeals of South Carolina.

Submitted June 5, 2000.
Decided July 3, 2000.

Celeste Moore, of SC Department of Social Services, of Columbia, for appellant.

Sheila McNair Robinson, of Wilson, Moore, Taylor & O'Day, of West Columbia, for respondent.

Guardian ad Litem: O. Terry Beverly, of Law Office of O. Terry Beverly, of Conway.

PER CURIAM:

In this adoption case, the South Carolina Department of Social Services (DSS) appeals an order of the family court requiring that "unknown fathers" be notified of the adoption proceedings by publication, with such publication to include the name of the biological mother. We reverse.[1]

As the result of an earlier proceeding before another family court judge, the parental rights of the biological mother and putative biological father of Baby Girl Doe and Baby Boy Doe were terminated. In that order, dated January 13, 1998, the family court specifically found that "The [putative biological father] is in default and is the father of the two younger children, [Baby Girl Doe and Baby Boy Doe]." The putative biological father allegedly was the common law husband of the children's biological mother.

Christopher and Angela Jones commenced this adoption action on July 14, 1998. The family court appointed a guardian ad litem to represent the children. On November 18, 1998, the children's guardian ad litem filed a motion to compel DSS to disclose the name of the biological mother for the purpose of including her name in a John Doe publication providing notice of the adoption proceedings to any unknown biological fathers of the minor children.

After a hearing on the matter, the family court issued its order of February 8, 1999, granting the motion to compel. In that order, the family court expressly recognized the prior judge's finding regarding paternity of the children, but found it necessary to notify any unknown fathers due to the absence of any evidence that a paternity test was performed in connection with the court's prior order. Further, the court determined notification of the proceedings to any putative fathers should include the name of the biological mother.

■ On appeal, DSS argues the family court erred in requiring the biological mother's name be included in the John Doe notice by publication. We agree.

---

1. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

 Adoption statutes are in derogation of the common law, and must therefore be strictly construed. *Hucks v. Dolan,* 288 S.C. 468, 343 S.E.2d 613 (1986). Our adoption statutes "are designed to promote policies and procedures necessary for the protection of all the parties involved in an adoption." *Bradey v. Children's Bureau of South Carolina,* 275 S.C. 622, 626, 274 S.E.2d 418, 420 (1981).

 South Carolina Code Ann. § 20–7–1780(C) (Supp. 1999) provides:

All files and records pertaining to the adoption proceedings in the State Department of Social Services, or in any authorized agency, or maintained by any person certified by the department under the provisions of Section 20–7–1750, are confidential and must be withheld from inspection except upon order of court for good cause shown.

In determining whether "good cause" has been established to warrant release of biological information, the court should weigh the respective interests of the parties to the adoption action. As well, the court must give due consideration to the impact that each case may have on the viability of the adoption process. In applying this balancing test,

[W]e must be mindful of the rationale for confidentiality in the adoption process. Not only does confidentiality insulate and nurture the newly formed adoptive family, it also may be assumed to provide the impetus for a traumatized natural parent to come forward to allow the process to take place rather than resort to other less desirable means of dealing with prospective parenthood. The natural parent or parents must feel secure in the knowledge that their identity will usually remain confidential. This offers the parent a fresh start, confident that the personal information will be disclosed only for good cause on order of the court. This expectation of confidentiality arising from the statute is constitutionally protected as a right of privacy.

*Bradey,* 275 S.C. at 626–627, 274 S.E.2d at 421 (citations omitted). A party must demonstrate a compelling need for the identifying information which outweighs the need for confidentiality to establish good cause within the meaning of § 20–7–1780. *Id.* at 627, 274 S.E.2d at 421. What constitutes a compelling need for identification depends upon the circumstances of each case. *Id.*

This Court recently addressed the same issue in a similar factual scenario. *See South Carolina Dep't of Social Servs. v. Doe,* 338 S.C. 618, 527 S.E.2d 771 (2000). In *Doe,* the biological mother of a child in DSS custody signed a relinquishment of her parental rights and adoption consent form. The biological mother also signed an affidavit naming a particular person as the child's biological father. The family court terminated that named individual's parental rights to the child.

Approximately three years later, the child's foster mother sought to adopt the child. It was uncontested that a John Doe notice by publication was necessary. However, the guardian ad litem filed a motion to include the name of the biological mother in the notice. The family court granted the motion. This Court reversed, holding:

> ... the guardian ad litem has failed to demonstrate a compelling need for the identifying information.... [N]otification to John Doe is precautionary in nature and based on the mere possibility that either the biological mother has been less than candid about the identity of the child's father, or she does not know the father's identity. In our view, these circumstances do not constitute good cause to subject the biological mother to the public scrutiny which would necessarily enure from publication of her name in connection with these proceedings. While the privacy rights of biological parents in adoption proceedings are not absolute, we believe disclosure of the mother's identity in this case would undermine the expectation that confidentiality will be maintained in adoption proceedings except under the most extraordinary circumstances.

*Id.* at 623–24, 527 S.E.2d at 773.

Although the issue was not raised in the *Doe* appeal, the Court also noted that the factual scenario "appear[ed] to be a case of one family court judge impermissibly overruling another." *Id.* at n. 1 (citing *Charleston County Dep't of Social Servs. v. Father,* 317 S.C. 283, 454 S.E.2d 307 (1995)). Similarly, in this case, the family court's requiring that the biological mother's name be included in a John Doe notice is tantamount to an overruling of the prior family court order which held that the biological mother's alleged common law husband was the children's biological father.

Furthermore, as in *Doe,* the guardian ad litem has failed to demonstrate a compelling need to identify the biological mother for the John Doe notice by publication. The identity of the biological father has been judicially determined and his parental rights have been terminated. The fact that the identity of the biological father has not also been established by means of a paternity test does not constitute an extraordinary circumstance warranting public disclosure of the biological mother's identity. In *Doe,* this Court held there was not good cause to include the biological mother's name in the John Doe notice despite the fact that the biological father's identification was based on her affidavit alone. If the biological mother's affidavit was sufficient in *Doe,* the failure to obtain paternity tests clearly does not amount to good cause. *See also Charleston County Dep't of Social Servs. v. Father,* 317 S.C. 283, 454 S.E.2d 307 (1995) ("Disclosure follows in extraordinary circumstances."); *Evans v. South Carolina Dep't of Social Servs.,* 303 S.C. 108, 399 S.E.2d 156 (1990) (DSS could not be compelled to divulge the name and address of an unwed birth mother for purposes of ascertaining the identity of a natural father).

Accordingly, we reverse so much of the family court's order as requires disclosure of the biological mother's name for purposes of notice by publication to any putative fathers.

**REVERSED.**

CURETON, GOOLSBY and SHULER, JJ., concur.