THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
A.S., a high school student in Greenville County, and her Parents, Respondents,
v.
School District of Greenville County, Appellant.
 
 
 

Appeal From Greenville County
 Charles B. Simmons, Jr., Special Circuit Court Judge

Unpublished Opinion No. 2005-UP-360
Submitted April 1, 2005  Filed May 23, 2005

AFFIRMED IN PART
REVERSED IN PART

 
 
 
C. Wade Cleveland, of Greenville, for Appellant.
Stephen John Henry, of Greenville, for Respondent.
 
 
 

PER CURIAM:  The School District of Greenville (the District) appeals the circuit courts order reversing the expulsion of A.S., a student at Eastside High School, for bringing a knife onto campus.  Using the scope of review pursuant to the Administrative Procedures Act, the circuit court found substantial evidence did not support the decision to expel A.S.  We affirm in part and reverse in part.[1]
FACTS
After school on November 13, 2002, sixteen-year-old A.S. brought a knife, along with other construction materials, into the school library to cut foam board for nametags for an extracurricular activity called Youth in Government.  The schools media specialist working in the library at the time confiscated the knife and took it to Stan Hopkins, a school administrator.  Hopkins brought the knife to principal Sheryl Taylor who reported the incident to the District.  
By letter dated November 13, 2002, Taylor informed A.S.s parents she was suspended pending a recommendation for expulsion for possession of a knife on campus.  On November 14, 2002, Taylor sent A.S.s parents a letter indicating that because A.S. brought a knife with a four-inch blade onto the schools campus, Taylor recommended A.S. for expulsion in accordance with the Districts zero tolerance policy.  A.S.s parents wrote a letter to the Districts Board of Trustees (the Board) requesting A.S. be readmitted to school because A.S. only brought a serrated kitchen knife to school to use as a tool.  
Taylors recommendation resulted in a hearing before Dr. Don Dempsey, the District Hearing Officer, on November 21, 2002.  Dempsey had before him a file and submissions from A.S.s attorney.  This included an affidavit from A.S.s physician that explained how A.S.s attention deficit hyperactivity disorder affected her ability to control her impulses.  Additionally, Dempsey heard testimony from A.S. and her mother as well as from Taylor.  A.S. admitted bringing a kitchen knife to school, and her mother described the knife as having a long blade.  In closing arguments, A.S.s attorney argued that although his client brought a knife to school with a blade longer than two inches, A.S. had no intent to use the knife as a weapon.  
Based upon this evidence, Dempsey found A.S. violated the Districts rules by bringing a knife onto campus and ordered her expelled for the remainder of the 2002-2003 school year.  The District confirmed the decision by letter stating A.S. could apply for readmission to Eastside for the 2003-2004 school year and outlined the procedure for appealing Dempseys decision to the Board.  On appeal, the Board upheld the expulsion, but it shortened the expulsion period from the remainder of the year to the remainder of the semester.  As a result, A.S. would miss only three weeks of school and could reapply for admission for the second semester of the 2002-2003 school year in January 2003.  
A.S. appealed to the circuit court, and the court reversed.  The court found the Districts expulsion policy required it to establish A.S. brought a knife over two inches long to school, or alternatively, to establish A.S. brought a knife with a blade less than two inches long to school with the intention of inflicting bodily injury or death.  The court found there was no evidence in the record of the knife blades length and that A.S. had no intent to inflict bodily injury or death.  Applying the substantial evidence standard of review pursuant to the Administrative Procedures Act (APA), the circuit court reversed the Boards decision.  The District appealed.    
LAW/ANALYSIS
I. Mootness
As an initial matter, we address whether the issue before us is moot.  Generally, an appellate court will not address a moot question or make an adjudication when no actual controversy remains.  Byrd v. Irmo High School, 321 S.C. 426, 431-32, 468 S.E.2d 861, 864 (1996) (addressing mootness with regard to a students ten-day suspension).  A case becomes moot when judgment, if rendered, will have no practical legal effect upon an existing controversy.  This is true when some event occurs making it impossible for the reviewing court to grant effectual relief.  Id.  
In Byrd, our supreme court was asked to decide whether review of a students ten-day suspension was warranted because the student had served the suspension by the time the matter reached the appellate court.  The court noted an exception to the mootness doctrine allows a court to take jurisdiction if the issued raised was capable of repetition but evading review.  Byrd, 321 S.C. at 431, 468 S.E.2d at 864.  The exception does not require that the same complaining party be subject to the action again, but that the controversy presents a recurring dilemma that the court will address to clarify the law.  Id.; Evans v. South Carolina Dept of Soc. Servs., 303 S.C. 108, 110 n.1, 399 S.E.2d 156, 157 n.1 (1990).
Even assuming the issue in the present case is moot because A.S.s expulsion ended as of January 2003 and we can grant no effectual relief, we find the issue is capable of repetition but evading review.  As in Byrd, short-term student expulsions, like short-term student suspensions, are completed long before an appellate court can review the issues they implicate.  Byrd, 321 S.C. at 432, 468 S.E.2d at 864.  Therefore, the instant case fits within the exception to the mootness doctrine.   
II. Application of the APA
The District argues the circuit court erred in finding the APA applies to judicial review of decisions by a school board.  Under the APA, a reviewing court may reverse or modify the decision, in part, if it is clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.  S.C. Code Ann. § 1-23-380(A)(6)(e) (2005); Laws v. Richland County Sch. Dist. No. 1, 270 S.C. 492, 495-96, 243 S.E.2d 192, 193 (1978) (holding the substantial evidence standard of review applies to judicial review of a school boards decision regarding whether to renew a teachers contract).  However, the District concedes in its brief that the substantial evidence standard of review is the appropriate one.  Therefore, any potential error in applying the substantial evidence standard pursuant to the APA is harmless and the question is moot.  See Brown v. Allstate Ins. Co., 344 S.C. 21, 25, 542 S.E.2d 723, 725 (2001) (finding the erroneous admission of certain evidence was harmless where it would not affect the outcome).  Accordingly, we decline to address this issue.  See Gainey v. Gainey, 279 S.C. 68, 69, 301 S.E.2d 763, 764 (1983) (This Court will not issue advisory opinions on questions for which no meaningful relief can be granted.).  
III. Substantial Evidence
The District argues the circuit court erred in determining that substantial evidence did not support the Boards decision to expel A.S.  Even though the parties agree that the circuit court appropriately examined the expulsion decision under the substantial evidence standard, we find the circuit court erred in reversing the Boards decision to expel A.S. for possession of a knife on school property.  
The Districts disciplinary code defines what is considered misconduct for which disciplinary action is appropriate.  Bringing a weapon to school, including a knife with a blade less than two inches long, is defined as misconduct warranting disciplinary action, including suspension or expulsion as a last resort.  Policy JD(P) §§ I.A & I.B.1 (emphasis added). However, the Districts policy requires that certain serious misconduct, including possession of any kind of weapon, will result in the principals recommendation for expulsion.  Policy JD(P) § I.C.1.A.  In defining weapon, the Districts policy states that it includes, but is not limited to, guns, blackjacks, brass knuckles, razors, box openers, knives, with a blade over two inches long, or any other device or object that is possessed or used with the intention of inflicting bodily injury or death.  Id.  (emphasis added).  
The circuit court reviewed the Districts policy and the evidence presented at the hearing before Dr. Dempsey.  The circuit court determined that in order to recommend expulsion, the District necessarily had to prove that the knife blade exceeded two inches long or that A.S. possessed something with the intent to inflict bodily injury or death.  The court determined that there was no evidence on the record regarding the length of the knife blade in question and that there was no evidence that A.S. intended to harm anyone.  Based on what it perceived to be a lack of evidence, the court reversed the Districts decision to expel A.S.  
Our review of the record indicates substantial evidence existed to support the Districts decision.  Although the District did not introduce the knife at the hearing, no one disputed the contention that the knife A.S. brought to school had a blade longer than two inches.  Additionally, the testimony and letters presented at the hearing show the knife blade was longer than two inches.  In her letter to A.S.s parents the day following the incident, Taylor stated that A.S. brought a knife with a four-inch blade onto the campus of Eastside High School.  A.S.s parents did not dispute Taylors contention and admitted in a letter to the School Board that A.S. brought a serrated kitchen knife to school.  At the hearing, A.S. described the knife as a kitchen knife, and her mother stated that the knife had a long blade.  Further, A.S.s counsel admitted in closing arguments that the blade was longer than two inches.  
No one disputes that A.S. was a fine student and that she had innocent motives in bringing the kitchen knife to school.  Nevertheless, we find there was substantial evidence to support the Boards decision to expel A.S., pursuant to the Districts mandatory policy, for bringing a knife with a blade longer than two inches to school.  Accordingly, the circuit court erred in reversing the Boards decision to expel A.S.
CONCLUSION
Although our decision will have no practical legal effect on the controversy at issue, we address this appeal because the situation is capable of repetition yet evading review.  As the District concedes, the circuit court appropriately used the substantial evidence standard of review.  Based upon the substantial evidence standard of review and our review of the record, we find the circuit court erred in overturning A.S.s expulsion.  Therefore, the order of the circuit court is 
AFFIRMED IN PART and REVERSED IN PART.
ANDERSON, BEATTY, and SHORT, JJ., concur.

[1] Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.