**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Larry Clinton Sease and Melissa Pierce Sease,
Appellants,

v.

Cody McGee and Tiffany Sease, Respondents.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2018-001411

Appeal From Lexington County
Dale Moore Gable, Family Court Judge

Unpublished Opinion No. 2019-UP-126
Submitted March 27, 2019 – Filed March 29, 2019

**AFFIRMED IN PART, REVERSED IN PART**

Allison Bullard McNair, of Building Families LLC, of Columbia, for Appellants.

Alyssa Haladay Richardson, of McDougall, Self, Currence & McLeod, LLP, of Columbia; and Elizabeth Dalzell, of Columbia, both for Respondent Cody McGee.

Tiffany Sease, of Aiken, pro se.

Almand James Barron, of Shea and Barron, of Columbia, as the Guardian ad Litem.

---

**PER CURIAM:** Larry Sease and Melissa Pierce Sease (collectively, Grandparents) appeal an order from the family court, arguing the family court erred by (1) finding Cody McGee's (Father's) consent to the adoption was required under section 63-9-310 of the South Carolina Code (2010) (the consent statute), (2) holding termination of parental rights (TPR) was not in Child's best interest, and (3) awarding attorney's fees and costs to Father. We affirm in part and reverse in part.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414-15, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52. The burden is upon the appellant to convince this court the family court erred in its findings. *Id.* at 385, 709 S.E.2d at 652.

"'Consent lies at the foundation of the adoption process,' and therefore, '[i]n order for the court to issue a valid adoption decree, it must appear that the parent has consented or otherwise forfeited his or her parental rights.'" *Brown v. Baby Girl Harper*, 410 S.C. 446, 451, 766 S.E.2d 375, 378 (2014) (alteration in *Brown*) (quoting *Gardner v. Baby Edward*, 288 S.C. 332, 333, 342 S.E.2d 601, 602 (1986)). However, "if the child was placed with the prospective adoptive parents more than six months after the child's birth," then the unmarried father's consent is not required unless

> the father has maintained substantial and continuous or repeated contact with the child as demonstrated by:
>
> > (a) payment by the father toward the support of the child of a fair and reasonable sum, based on the father's financial ability; and either
> >
> > (b) visits by the father to the child at least monthly when the father is physically and financially able

to do so, and when the father is not prevented from doing so by the person or agency having lawful custody of the child; or

(c) regular communication by the father with the child or with the person or agency having lawful custody of the child, when the father is physically and financially unable to visit the child, or when the father is prevented from visiting the child by the person or agency having lawful custody of the child.

The subjective intent of the father, if unsupported by evidence of the acts specified in subitems (a), (b), and (c) . . . does not preclude a determination that the father failed to maintain substantial and continuous or repeated contact with the child. In making this determination, the court may not require a showing of diligent efforts by any person or agency having lawful custody of the child to encourage the father to perform the acts.

S.C. Code Ann. § 63-9-310(A)(4)(a)-(c) (2010).

We find Father's consent was required for this adoption. Father "maintained substantial and continuous or repeated contact with [Child]" by paying "a fair and reasonable sum, based on [his] financial ability," towards the support of Child. *See* § 63-9-310(A)(4)(a). After Child was born in 2012, Tiffany Sease (Mother) and Father lived together with Child in a rental house for approximately one month before Mother moved into Grandparents' home with Child; Mother subsequently moved out of Grandparents' home, leaving Child in their care. Father testified he provided for Child by renovating the rental home and buying diapers, toys, a breast pump, food for Mother, and a crib. Although Father failed to provide for Child for a period of time thereafter, at the time of the final hearing, Father was current with his court-ordered child support. Further, although Father did not visit Child "at least monthly" or maintain "regular communication" with Child, the record supports the family court's finding that Grandparents thwarted Father's relationship with Child. *See* § 63-9-310(A)(4)(b)-(c). Despite Grandparents' willingness to facilitate visits between Child and Father when prompted by Father's mother, the visits were short, supervised by Grandparents, and attended by other individuals not invited by Father. Some visits were attended by individuals with whom Father

had a poor relationship, and at other visits Father struggled to connect with Child because other individuals diverted Child's attention. We acknowledge Father could have made a greater effort to secure the visitation he desired with Child; however, Grandparents' dictation of the terms of Father's contact with Child thwarted a meaningful relationship between Father and Child such that his consent was necessary for the adoption of Child. *See* § 63-9-310(A)(4)(b) (providing a father need not show he had visited the child monthly "when the father [was] prevented from visiting the child by the person or agency having lawful custody of the child"). Accordingly, we affirm the family court's finding requiring Father's consent for the adoption of Child.

Further, although on appeal Father conceded the grounds for TPR were met, we find TPR was not in Child's best interest. *See* S.C. Code Ann. § 63-7-2570 (Supp. 2018) (providing the family court may order TPR upon finding one or more of twelve statutory grounds is satisfied and TPR is in the best interest of the child). The record supports the finding that Father "is a hard-working, fit[,] and moral person" with no history of drug or alcohol addiction or criminal tendencies. Father desires a relationship with Child, and Child would benefit from the opportunity to know Father outside of the limited contact Father has been afforded thus far in Child's life. Additionally, Child would benefit from a continued relationship with Father's mother, with whom Child had regular visits; Child would also benefit from getting to know Father's extended family. Accordingly, we affirm the family court's finding TPR was not in Child's best interest.

However, we reverse the award of attorney's fees and costs. *See E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) (stating the following factors should be considered when determining whether attorney's fees should be awarded "(1) the party's ability to pay his/her own attorney's fee; (2) [the] beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) [the] effect of the attorney's fee on each party's standard of living"). Although Father ultimately prevailed, he contributed to the circumstances that gave rise to this case. Here, the record does not reflect that Father stepped up to parent Child when Mother left Child with Grandparents. Additionally, after Mother and Child moved into Grandparents' home when Child was one month old, Father did not provide support until Grandparents sought child support through court action. Once the family court ordered Father to pay child support, Father made payments for a time but had ceased child support payments in the six months prior to Grandparent's initiation of this case. Further, although Grandparents thwarted Father's relationship with Child during this time—making Father's consent necessary for the adoption of Child—Father was not wholly prevented from seeing

Child.  Rather, although the visits Grandparents offered were restricted, Father chose not to take advantage of that time.  Moreover, both parties would have difficulty meeting their own financial requirements.  Although Grandparents had a greater source of income, the majority of the financial cost of raising Child fell on them, and in light of the foregoing, the effect of the award of Father's attorney's fees on Grandparents'—and thus Child's—standard of living would be inequitable.  Accordingly, we reverse the award of attorney's fees and costs to Father.  *See Lewis*, 392 S.C. at 386, 709 S.E.2d at 652 ("The family court is a court of equity.").

**AFFIRMED IN PART, REVERSED IN PART.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.