# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

E.G. and J.J., by and through their Guardian ad Litem, John D. Elliott, Petitioners,

v.

South Carolina Department of Social Services, Annie Montgomery, Katray Washington, Brigid Kennedy, and Avone Hunter, Respondents.

Appellate Case No. 2022-000724

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Florence County
FitzLee H. McEachin, Family Court Judge

---

Opinion No. 28228
Heard March 26, 2024 – Filed August 7, 2024

---

## REVERSED

---

Robert J. Butcher and Deborah J. Butcher, of The Camden Law Firm, PA, of Camden, for Petitioners.

James W. Logan Jr., of Logan & Jolly, LLP, of Anderson, for Respondents South Carolina Department of Social Services, Avone Hunter, Brigid Kennedy, and Katray Washington; William Ansel Collins, Jr., of McAngus

Goudelock & Courie, LLC, of Columbia; and Andrew Luther Richardson Jr., of Columbia, for Respondent Annie Montgomery.

---

**JUSTICE FEW:** The sole question we address in this appeal is whether the provision in subsection 63-9-780(C) of the South Carolina Code (2010) requiring that "All files and records pertaining to the adoption proceedings in the State Department of Social Services . . . are confidential and must be withheld from inspection except upon court order for good cause shown" insulates those files and records from discovery in a civil action. The answer is "No." Categorically, if any such files or records meet the criteria for civil discovery under Rules 26 to 37 of the South Carolina Rules of Civil Procedure, then "good cause" exists under section 63-9-780 as to those files or records. We have no concern that civil discovery of the files or records will jeopardize their confidentiality because the circuit or family court can and must preserve that confidentiality through the use of an appropriate protective order under Rule 26(c). We reverse the court of appeals' decision affirming the trial court's refusal to require disclosure of the documents.

## I.      Facts and Procedural History

This case began in circuit court as a lawsuit on behalf of two children—E.G. and J.J.—by their guardian ad litem—John D. Elliott. The plaintiff claimed the children were sexually molested and subjected to other abuses by P.M.—the adopted minor son of Annie Montgomery—while the children were in Montgomery's foster care. The plaintiff's central allegation in the lawsuit is that Montgomery and the South Carolina Department of Social Services (DSS) knew or should have known that P.M. had a history of sexually abusing other children. Thus, the plaintiff claimed, DSS was negligent in placing—and Montgomery was negligent in accepting—the children into her foster care. The plaintiff also claimed that Montgomery was negligent in failing to protect the children from P.M. and that Montgomery's and DSS's conduct violated the children's civil and constitutional rights.

Pursuing evidence to support their central allegation during discovery, the plaintiff served Rule 33 interrogatories and Rule 34 requests for production of documents on DSS seeking information from DSS's adoption file related to what each party knew regarding P.M.'s prior sexually aggressive behavior. In particular, the plaintiff requested "the complete copy [of] SCDSS files . . . for all adoptive children of Annie

Montgomery" including P.M. DSS refused to produce the documents, claiming subsection 63-9-780(C) gave it blanket protection in civil discovery against having to disclose anything in its files concerning an adopted child. The plaintiff filed a motion asking the circuit court to compel DSS and Montgomery to comply with the discovery requests and produce the adoption files. DSS and Montgomery each filed motions for a protective order asking that DSS not be required to produce any documents from its adoption files. The circuit court did not rule on these motions. However, the circuit court did issue a "Protective Order" requiring that certain documents from different files—DSS's foster care files—be produced, other documents from those files be redacted, and some documents not be produced at all because they did not meet the criteria for civil discovery.

As to DSS's adoption files, with the consent of all parties and the circuit court, the plaintiff then filed an action in family court and a "Motion to Unseal Adoption File for a Limited and Specific Purpose." After a hearing, the family court denied that motion. It ruled the plaintiff had no legal interest in viewing the records since E.G. and J.J. were not parties to the adoption, and it determined that even if the plaintiff had an interest in the records, he had not demonstrated good cause under section 63-9-780. The plaintiff appealed the family court's ruling, and the court of appeals affirmed. *Elliott ex rel. E.G. & J.J. v. S.C. Dep't of Soc. Servs.*, Op. No. 2022-UP-033 (S.C. Ct. App. filed Apr. 27, 2022).

## II.     "Good Cause" and Civil Discovery

This is the first time our appellate courts have dealt with the confidentiality provisions of section 63-9-780 in the context of civil discovery. In all prior cases involving these confidentiality provisions, the party seeking access to DSS's adoption files was not doing so as a part of discovery in a civil action. *See Hensley v. S.C. Dep't of Soc. Servs.*, 429 S.C. 144, 146, 838 S.E.2d 510, 511 (2020) (addressing the immediate appealability of a class certification order); *Doe v. Ward Law Firm, P.A.*, 353 S.C. 509, 512, 579 S.E.2d 303, 304 (2003) (family court petition for disclosure of adoptee's health information); *Gardner v. Baby Edward*, 288 S.C. 332, 333, 342 S.E.2d 601, 602 (1986) (reviewing "an order issued in an adoption proceeding to compel disclosure of the names of the child's natural parents"); *Bradey v. Child.'s Bureau of S.C.*, 275 S.C. 622, 624, 274 S.E.2d 418, 419 (1981) (action by adult adoptee seeking identity of his biological parents); *S.C. Dep't of Soc. Servs. v. Doe*, 338 S.C. 618, 620, 527 S.E.2d 771, 772 (Ct. App. 2000) (appeal in an adoption action "from an order of the family court requiring service by

publication upon a putative father to include the name of the biological mother"); *Jones v. S.C. Dep't of Soc. Servs.*, 341 S.C. 550, 552, 534 S.E.2d 713, 714 (Ct. App. 2000) (appeal from "an order of the family court requiring that 'unknown fathers' be notified of the adoption proceedings by publication, with such publication to include the name of the biological mother"); *Evans v. S.C. Dep't of Soc. Servs.*, 303 S.C. 108, 109, 399 S.E.2d 156, 157 (1990) (appeal in an adoption action from a family court order requiring "SCDSS to reveal the name and address of the birth father to the adoptive couple's attorney"). None of these other cases gave the appellate court the opportunity to consider whether a trial court's determination that DSS's files and records are discoverable under the Rules of Civil Procedure constitutes good cause under subsection 63-9-780(C). We now hold that it does.

Rule 26(b) allows a party to discover all non-privileged information that "appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1), SCRCP; *see also In re Mt. Hawley Ins. Co.*, 427 S.C. 159, 166, 829 S.E.2d 707, 712 (2019) (citations omitted) ("The scope of discovery in South Carolina is generally broad."). The facts of this case illustrate that if the Rule 26(c) standard is satisfied, "good cause" exists under subsection 63-9-780(C). DSS's files and records on P.M.'s adoption will either (1) contain evidence showing that DSS knew or should have known P.M. had a history of sexually abusing children—which would clearly be relevant to support the plaintiff's claims—or (2) contain no evidence showing P.M. had such a history—which would be equally relevant to refute the plaintiff's claims. Because an examination of DSS's files and records is reasonably calculated to lead to the discovery of admissible evidence, the files and records are subject to discovery and good cause exists to permit their inspection.

DSS makes several arguments, which we address in turn. First, DSS argues that only a party to the adoption proceeding has a valid interest in accessing the records, and thus, any other litigant seeking discovery categorically cannot demonstrate good cause. The family court accepted that argument, holding the plaintiff's "interest may not even be properly considered" by the court. DSS and the family court are incorrect because the language of subsection 63-9-780(C) imposes no such limitation, and we will not expand the subsection beyond its express terms. Nothing in the statute restricts or prescribes categories of parties that can access the records. In fact, we recognized in *Bradey* that "*[o]ther parties* may have countervailing interests" and "the statute allows *a party* to come forward and make a showing of good cause." 275 S.C. at 627, 274 S.E.2d at 421 (emphasis added). Any party that

demonstrates good cause may access the adoption files and records protected by subsection 63-9-780(C) under an appropriate protective order.

Second, DSS argues subsection 63-9-780(D) gives it the discretion to decline to produce information in its files and records and that because DSS has chosen not to produce it, the courts lack the authority to order it to turn over the information. We already rejected this argument in *Doe v. Ward Law Firm*, in which we held there was no "statutory limitation on this Court's ability to compel" an agency to disclose confidential adoption records despite the agency's exercise of discretion not to do so. 353 S.C. at 516, 579 S.E.2d at 306.

Third, DSS argues—and the court of appeals accepted—the plaintiff did not demonstrate good cause because he had not "exhausted the traditional methods of discovery to seek this information." *Elliott*, 2022-UP-033, at *1. This is incorrect for two reasons. First, DSS conceded at oral argument it would have made the same objection—that subsection 63-9-780(C) insulates its files and records from all civil discovery—if the plaintiff sought the information through any other method. Therefore, any other discovery requests seeking the same information would have been futile. Second, and more importantly, the plaintiff asked for the information *in the DSS file*. While it may be true that some other person or entity has possession of similar or even identical information, it is the information *in the file* that bears most directly on whether DSS knew P.M. was dangerous to other children. The simple fact the information exists in the abstract has a completely different significance from the fact the information exists in the DSS file.

In *Bradey*, this Court indicated a determination of good cause under subsection 63-9-780(C) requires the trial court to "weigh the competing interests" of the party seeking the information in the DSS adoption file against the privacy interests of those involved in the adoption and DSS itself. 275 S.C. at 626, 274 S.E.2d at 421. As we have explained, a trial court's finding that DSS's adoption files and records are discoverable under the Rules of Civil Procedure establishes a sufficient interest on the part of the party seeking the information to permit inspection of the DSS files and records. In holding this, we do not in any way intend to permit the compromise of the "competing" privacy interests. As to those interests, any trial court ordering DSS to permit inspection of its adoption-related files and records in civil discovery must include reasonable provisions in a protective order to preserve the confidentiality of the information in the files. *See* Rule 26(c) ("Upon motion by a party or by the person from whom discovery is sought, and for good cause

shown, . . . the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden by expense."). A protective order that appropriately restricts access to the records—by requiring redaction of identifying information, precluding disclosure of non-discoverable information,[1] and controlling disclosure of discoverable information—entirely preserves the confidentiality of these files and records.

The circuit court did precisely this in its protective order regarding DSS's foster care files. After an internal review of the files, the circuit court entered a protective order that provides "certain portions of the file should indeed be withheld or redacted" and "there is information in this file which is legally irrelevant and is not calculated to lead to the discovery of admissible evidence." As to the discoverable documents in the file, however, the circuit court required that they remain confidential except that the plaintiff's attorneys may review them. As is demonstrated by this particular protective order and our circuit and family courts' collective years of experience protecting the disclosure of information that is legally entitled to such confidentiality, our circuit and family courts are fully capable of drafting protective orders such that there remains no risk to "the State's primary concern . . . in maintaining an effective adoption procedure which serves the best interests of adoptees generally." *Bradey*, 275 S.C. at 627, 274 S.E.2d at 421. Civil discovery of DSS's files and records with such protection will not "negatively affect the supply of capable adoptive parents or the willingness of biological parents to make decisions which are best for them and their children." 275 S.C. at 628, 274 S.E.2d at 421 (quoting *Application of Maples*, 563 S.W.2d 760, 763 (Mo. 1978)).

For the foregoing reasons, the order of the family court is

**REVERSED.**

**KITTREDGE, C.J., Acting Justices Donald W. Beatty, Stephanie P. McDonald and H. Bruce Williams, concur.**

---

[1] For example—as the plaintiff correctly recognized in his brief before this Court—the identities of P.M.'s biological parents are irrelevant to the plaintiff's civil claims. Thus, the plaintiff has no right to that information because it does not meet the criteria for civil discovery under the Rules of Civil Procedure.